HENRY MOORE v. CHARLES F. NASON.

*Labor contract—Count for work and labor—Variance.*

There can be no recovery on a count for work and labor where the only showing is that defendant employed plaintiff to work for him and then refused to allow him to do so.

The plaintiff in such case should count specially on the contract.

An objection that the evidence does not sustain the declaration is in time if made at any time before the judge trying the case without a jury has given judgment.

Error to Kent. Submitted April 19. Decided April 25.

ASSUMPSIT. Defendant brings error. Reversed.

*Roger W. Butterfield*, for appellant, claimed that the proper remedy was by suit in damages for breach of cove-

nant to employ: *Moody v. Leverich* 4 Daly 401; *Goodman v. Pocock* 15 Q. B. 581.

*John A. Fairfield* and *Wm. Wisner Taylor* for appellee. Recovery can be had on the common counts for services contracted for, on defendant's refusal to allow them to be rendered: 2 Pars. Cont. 40; *Gandell v. Pontigny* 4 Camp. 375; *Eardly v. Price* 2 N. R. 333; *Smith v. Kingsford* 3 Scott 279; *Collins v. Price* 2 M. & P. 233.

COOLEY, J. Moore sued Nason in *assumpsit* on the common counts, filing a bill of particulars in which he claimed for work and labor on contract, commencing September 25, 1877, and until February 1st, 1878. The cause was tried by the circuit judge without a jury. From his finding it appears that on the 18th day of June, 1877, Nason verbally contracted to employ Moore for the period of a year, at the rate of three dollars per day; the employment to commence as soon as a firm for whom plaintiff was then working could be suited with a man in his place; that on June 26, 1877, Moore began work under the contract, and continued to work until August 4 following, when he became sick and for that reason unable to labor until the 27th day of that month, when being recovered he offered to go to work again, but was not allowed to do so. Nason paid him, however, up to September 25, 1877, and he performed no labor after that day, though he held himself in readiness. On these facts the circuit judge held the plaintiff entitled to recover.

Passing without notice the question of the validity of the oral contract under the Statute of Frauds, we find ourselves unable to sustain the judgment for the very plain reason that while the sole cause of action relied upon is work and labor, the showing of the plaintiff himself was that he had performed no labor for which he had not been paid. His real grievance was that he was not permitted to labor under the oral agreement after the time for which he was paid; and if he was correct in supposing he had a valid contract,

he should have counted upon it and assigned the breach specially.

But it is urged that this objection ought not to be available here for the reason that the evidence on which the plaintiff relied for a recovery was received without objection. It appears, however, that the objection that the plaintiff was not entitled to recover under the pleadings was distinctly taken. If there was any reason to suppose that the plaintiff had been misled by the failure of the defendant to object to evidence not applicable to the pleadings, the circuit court might have permitted an amendment, but it can never be held that an objection that the evidence fails to make a case under the pleadings is too late if made before the judge trying the cause without a jury, has given judgment.

The judgment must be reversed with costs and a new trial ordered.

CAMPBELL and MARSTON, JJ. concurred.