CHARLES BURROUGHS v. HARMON MORSE, ADM'R.

*Contract to provide schooling for minor servant.*

A minor sued on the common and special counts for the breach of an oral contract whereby he was to work for a certain person until he was of age, living meanwhile in his employer's family and being supplied with clothing and with school in the winter, and at the

end of the time receiving a suit of clothes, a horse and a watch. The breach alleged was that the schooling was not furnished as agreed but that he was kept at work during the winter. *Held*, that the contract was void under the statute of frauds, and that if it had not been, the proper measure of damages under the special count would not have been the value of his labor in winter. But, as he recovered judgment on this basis and no objection was grounded on either the validity of the contract or the measure of damages, it was *held* that the judgment would not be disturbed, since he might have recovered the value of his labor on the ground of an implied promise to pay for his services outside of the contract.

Error to Ingham. Submitted June 7. Decided June 14.

ASSUMPSIT. Defendant brings error. Affirmed.

*Corbin & Cobb* for appellant.

*M. V. & R. A. Montgomery* for appellee.

COOLEY, J. The declaration in this case contains a special count on a contract between the plaintiff, when fifteen years of age, and Enos Morse, of whom defendant is administrator, whereby it was agreed that plaintiff should work for said Morse until he became of age, living in his family and being supplied with clothing and with schooling in the winter, and at the end of the time should receive a suit of clothes, a horse, and a watch. Breach, that the schooling was not furnished as agreed, but that instead thereof plaintiff was kept at work in the winter season. The declaration also contained the common counts.

On the trial the plaintiff proved a verbal contract to the effect of that specially declared upon. This was void under the statute of frauds, but no objection appears to have been taken on that ground. He also gave evidence tending to show that he did not have the schooling agreed upon, but was kept at work. The circuit judge instructed the jury that, under the evidence, if they believed it, the plaintiff was entitled to recover the value of the labor performed by him while he should have been in school; and he had a verdict and judgment on this theory.

Under the special count it is manifest that the value of the labor could not have been the proper measure of damages. Plaintiff sued for the loss of schooling, and was entitled to recover, if anything, what he was damnified by the loss, and not what the plaintiff had made his breach of contract worth to himself. But it does not appear that any one suggested to the judge the true rule of damages.

The case then seems to be that the plaintiff recovered on a void contract and upon a wrong rule of damages, and that these specific faults were not pointed out in the circuit court. But it also appears, as we think, that plaintiff on the evidence was entitled to recover what was awarded to him under the common counts.

On the theory of the facts which was submitted to the jury the plaintiff has received the agreed payment for the services performed by him under the void contract, with the exception of the schooling. Instead of receiving that, he was put to work when he should have been in school. For the work during those periods he is entitled to recover under the common counts, because he was never paid for it in any manner. An implied promise to pay for what was thus done outside of their arrangements would undoubtedly have arisen; and it so happened that this implied promise was exactly commensurate with the recovery. Under these circumstances the judgment ought not to be disturbed. It so happens that the parties tried, and the jury considered and passed upon the real subject of legal controversy between them, and the rule of damages they applied to it was the proper one.

The judgment must be affirmed with costs.

GRAVES, C. J. and CAMPBELL, J. concurred.