| | |
|---|---|
| 52 | 435 |
| 70 | 461 |
| 52 | 435 |
| 106 | 502 |
| 52 | 435 |
| d128 | 322 |
| 52 | 435 |
| 147 | ³712 |

## WILLIAM H. FULLER v. DANIEL F. RICE.

*Statute of frauds — Parol agreement — Part performance — Variance — Measure of damages — Contract involving trespasses.*

1. A parol agreement that would be void under the Statute of Frauds may nevertheless be put in evidence in an action on it, to the extent to which the parties have carried it out, since they have so far agreed to be governed by its terms.

2. Where no special counts are needed in an action on a contract in which both special and common counts are used, the objection that the contract as proved differs from that set forth in the special count is unimportant. Even if the contract were void recovery might be had upon the common counts.

3. One who, under a contract, has done valuable services of which the other party thereto has had the advantage, is entitled to recover therefor at the contract rate less any damages the other party may have suffered from incomplete performance.

4. A contract to clear an innavigable stream and to run logs through it cannot be assumed to be void as against public policy on the ground that it involves trespassing on the lands of third persons, unless it also appears that the riparian owners object or that an invasion of their rights is intended.

Error to Oceana. (Russell, J.) Jan. 11.—Jan. 22.

Assumpsit.   Defendant brings error.   Affirmed.

*L. G. Rutherford* for appellant.

*M. H. Brooks* and *W. E. Ambler* for appellee.

Cooley, C. J.   Plaintiff sued to recover for services performed by him under an oral contract whereby, as he testified, he agreed with defendant to cut, skid, haul and put on the bank of the south branch of Pentwater river in Elbridge township, six hundred thousand feet of logs; two hundred thousand feet in the season of 1880, and two hundred thousand feet in each of the two succeeding years ; and also to clear the river from obstructions and then deliver the logs at Hart or at Wigton & Bosworth's mill-pond. For these services he testified he was to be paid as follows : For cutting and banking the logs, one dollar per thousand feet; for clearing the river, six hundred dollars ; and for delivering the logs at Hart or the mill-pond, two dollars and fifty cents per thousand feet.   Under this agreement he claimed to have performed what was to be done in the season of 1880, including the clearing of the river.   The defendant did not dispute that some such agreement was made, nor but that services were performed under it ; but he denied that the terms were as plaintiff testified, and claimed that the price to be paid for the delivery of the logs was to compensate for services in clearing the river.

The declaration contained counts on the agreement and also the common counts.   On the trial defendant objected to evidence of the agreement because, not being in writing, it was void under the Statute of Frauds.   But this was not a valid objection, and was properly overruled.   So far as the parties had acted in performance of the agreement they had consented to be governed by its terms, and they must be bound by them.

Objection was also taken that the agreement as proved varied from that set out in the special counts ; but this also was not well taken.   Special counts in the case were entirely unnecessary, and if the contract was void the plaintiff must recover, if at all, on the common counts.

The general principles governing such cases are familiar. If the plaintiff had performed valuable services for the defendant under the contract, of which the latter had reaped the advantage, he was entitled to recover therefor at the rate fixed by the contract, less any damages the defendant may have suffered by reason of failure in complete performance. *Allen v. McKibbin* 5 Mich. 454; *Whipple v. Parker* 29 Mich. 369; *Wildey v. School District* 25 Mich 419; *Burroughs v. Morse* 48 Mich. 520. This was the view taken by the circuit judge, and his instructions to the jury in this regard were unexceptionable.

The stream to be cleared of obstructions, it is said, was not a navigable stream, and therefore plaintiff had no right to enter upon the lands of the owners of the banks for the purpose of removing obstructions; and any contract for that purpose would be a contract for the commission of trespasses and therefore void. We do not think the question of the navigability of the stream arises in the case. It is entirely competent for parties to contract with each other for labor to be performed on the land of a third person, and if the owner of the land does not object, the labor may be performed and the contract price recovered. It does not appear in this case that the owners of the banks were objecting, or that any invasion of their rights was contemplated. There was nothing in the contract, therefore, that was opposed to public policy.

Objection was taken that the scaling of the logs was not shown to have been by a competent person or by a correct scale; but the evidence was sufficient for the jury. We also think the case was fairly submitted to the jury, and that their verdict for the plaintiff should not be disturbed.

The judgment will be affirmed with costs.

The other Justices concurred.