# OCTOBER TERM 1884.

LEWIS BABCOCK V. CHARLES H. COOK, IMPLEADED WITH
DAVID P. KIMBALL, CASSIUS D. DOWLING, THE
WHITE RIVER LOG & BOOMING CO.
AND TWO PARCELS OF PINE
LOGS.

*Lien upon logs—Affidavit.*

A judgment enforcing a lien upon logs for labor done thereon (How. Stat.
§§ 8412–8427) was affirmed by the equal division of the Supreme
Court, which did not agree that the affidavit filed by the claimants
was sufficient to sustain the judgment, if not objected to before.
The objections considered fatal were that it did not allege that the
parties represented by plaintiff had united their claims, or that they
had designated plaintiff as their agent or attorney to enforce the lien,
or that the respective sums claimed were less than one hundred dol-
lars each, or as to who was the owner of the logs.

Error to Newaygo. (Fuller, J.) April 22.—October 8.

ASSUMPSIT. Defendant Cook brings error. Affirmed.

*Keating & Dickerman* for appellant.

*A. G. Day* for appellee.

SHERWOOD, J. This action was brought under the log-lien
law of this State, enacted by the Legislature in 1881. See 2
How. Stat. §§ 8412–8427. Twenty-six claimants seek to unite
their claims and maintain the suit in the name of one, the
present plaintiff.

Statements of lien, made by the several claimants, were
filed in the clerk's office in the county of Newaygo, on the
22d day of February, 1883, and the affidavit for attach-
ment on the 13th day of April following. On filing the

55 MICH.—1

affidavit a writ of attachment was issued and served on the 17th and 19th days of April, and on the 25th day of April thereafter the defendant Cook was permitted to appear as part owner of the logs and defend the suit in pursuance of the thirteenth section of the act, and on the same day he entered a motion to quash the writ of attachment and dismiss the proceedings in the case.

The following are copies of the affidavit and the writ issued thereon :

"*State of Michigan, County of Newaygo—ss.:* Lewis Babcock, of said county, being duly sworn, says that David P. Kimball, the defendant in the annexed writ, is indebted to Lewis Babcock, the plaintiff named in the said writ, in the sum of eight hundred and eighty and sixty-one one-hundredths dollars ($880.61), for the work of affiant, and also for the work of William E. Letson, Alexander Fossback, Benjamin H. Kimball, Anders Nyland, Angus McLaren, John McLaren, Abel A. David, Thomas Bennett, Leander Anderson, Henrig Nisula, Valentine Lentinen, Alexander Sjogren, Eric Anderson, Matts Ericson, Henry Decker, Galen Northrop, John Cheseman, Andrew Lind, Michael Matson, Jacob Jacobson, John Hoagland, Matt Matson, John Junell, Lorenzo V. Letson and Frank Johnson, whose agent and attorney he is for the collection of their claims, as near as may be, over and above all legal set-offs, and the same is now due for work and labor performed by affiant, and by each and every one of the above-named parties in cutting, hauling, banking, swamping, working on rollways, skidding, making roads for hauling, loading, working as chore-boy around shanties, etc., making sleighs and doing carpenter work around shanties, logging job for said Kimball, the property mentioned in the annexed writ; that the last day's work of said labor was performed on or about the 13th day of February, 1883, and that said labor, for each and every person named in this affidavit, was done and performed by them between the first day of October, 1882, and the said 13th day of February, 1883; and that the said property described in the annexed writ, or a portion of it, is now situated in the county of Newaygo, State of Michigan, and that a statement of lien, setting forth the labor performed by each and every person above-named, required by law, was on the 22d day of February, 1883, duly filed with the clerk of the county of Newaygo, aforesaid, where said labor was performed, showing the kind of labor done, and

the amount due and to each person named above, for said work and labor for said Kimball, on the said logs and property to which he refers.

LEWIS BABCOCK.

Subscribed and sworn to before me, April 13, 1883.

KATE E. ROBINSON, Notary Public, Newaygo Co., Mich."

### WRIT OF ATTACHMENT:

"*In the name of the People of the State of Michigan—To the Sheriff of the County of Newaygo, greeting:* We command you to attach the following goods and chattels, to-wit, a quantity of pine saw-logs bearing various marks, thus, to-wit, two "OO"s on some and a cross on others, thus "O O" "✠," now on Cook's or Staples & Covell's rollways, so called, or so much thereof as may be sufficient to satisfy the sum of eight hundred and eighty and sixty-one one-hundredths dollars ($880.61), with interest, costs, disbursements, charges, and expenses of suit, in whosesoever possession the same may be found, and safely keep the same to satisfy any judgment, interest, costs, disbursements, charges and expenses that may be recovered under and by virtue of the issuing of this writ, and also summon David P. Kimball, defendant, if he be found in this State, to appear before the circuit court of Newaygo county, at the village of Newaygo, in said county of Newaygo, on the first day of May, 1883, to answer Lewis Babcock, to his damage one thousand dollars; and in case the above-named defendant is not the owner of said described logs, timber, posts, ties, poles, bark, bolts or staves, you are then also commanded to serve or cause to be served a copy of this writ, on or before the return-day above mentioned, upon the owner of said logs, timber, posts, ties, poles, bark, bolts or staves, or his proper agent or attorney, if such agent or attorney be known to you and residing in this State.

Witness the Honorable Ceylon C. Fuller, circuit judge, and the seal of the said circuit court, at the village and county of Newaygo, aforesaid, this 13th day of April, 1883.

[Seal.] SETH S. WATROUS, Clerk."

The motion of defendant's counsel to quash and dismiss was based upon the following objections:

"*First.* It is not alleged in the affidavit upon which the writ of attachment in said cause was issued, that the parties named therein as claimants have united their claims.

*Second.* It is not alleged in said affidavit that the parties named therein as claimants have designated the plaintiff as

their agent or attorney for prosecuting the lien claimed by each or any suit necessary to enforce the same.

*Third.* The amount claimed to be due each person named in said affidavit as claimant is not alleged therein.

*Fourth.* It is not alleged in said affidavit that the sums claimed to be due the several persons respectively named in said affidavit as claimants is less than one hundred dollars each.

*Fifth.* The particular kind of labor or work claimed to have been done by the different persons named in said affidavit as claimants is not alleged therein.

*Sixth.* It is not alleged in said affidavit that the logs upon which the labor of the several claimants is claimed to have been done, were not to be run down the Manistee river or the waters tributary thereto.

*Seventh.* It is not alleged in said affidavit whether the work claimed to have been done was done for the owner of the logs sought to be attached, or for a contractor or sub-contractor, nor for whom it was done.

*Eighth.* There is no allegation in said affidavit as to who is the owner of the logs upon which the work is claimed to have been done and upon which attachment is sought.

*Ninth.* The writ of attachment issued in this cause is void, because it directs the officer to serve copy of same upon the owner of the property to be attached, his agent or attorney, without giving the name of such owner.

*Tenth.* The service of the writ of attachment in this cause by the sheriff upon an officer of the boom company and upon other persons, as owners, is cumulative, contradictory, illegal and void.

*Eleventh.* Act number one hundred and forty-nine of the Session Laws of 1881, in pursuance of which these proceedings are attempted, is unconstitutional and void."

The motion was overruled by the court. A trial was then had before a jury, and a verdict obtained for the plaintiff for $635.02. The defendant Cook brings error.

The first, second, fourth and eighth grounds above stated are sufficient to sustain the defendant's motion, and it ought to have been granted. The affidavit confers jurisdiction in this class of cases if the court obtains it at all. In the particulars stated in the objections referred to it was defective. It did not show the existence of the statutory requirements

to authorize the issuing of the writ, and gave the circuit court no jurisdiction to proceed in the case. This Court held, under the statute of 1873 (1 Sess. Laws 1873, p. 466), that the proceedings in cases thereunder were special, and the statute must be strictly followed, " that a party asserting a lien under that statute must be held to a strict compliance with the legal provisions in regard to the nature of the claim, and the steps prescribed for the institution and perfection of the lien." *Woodruff v. Ives* 34 Mich. 320; *Haifley v. Haynes* 37 Mich. 535; *Clark v. Adams* 33 Mich. 159.

The present statute is a substitute for that of 1873, and still more complicated in its provisions, and both justice and policy require quite as rigid construction in its application as was held necessary by Mr. Justice Graves in construing the former.

I am very much inclined to think that the objections taken to the writ in this case are well founded. It names no person as defendant in this case, and while it requires service to be made upon the owner of the logs upon which it is sought to make the lien, the sheriff is left to determine who is the defendant and who is the owner of the logs. He is allowed to determine whether the person named in the writ is the proper defendant. It is very questionable whether such judicial powers can be conferred upon the sheriff; we prefer, however, to pass that question for the present, and others raising constitutional considerations. It is hardly proper for this Court to discuss the constitutional questions raised by counsel until a case shall have been presented to the court below in which it otherwise had jurisdiction.

The judgment must be reversed with costs.

CAMPBELL, J. concurred.

COOLEY, C. J. The statute under which this proceeding was instituted had for its object to provide a simple and certain remedy for the enforcement of liens by laborers upon logs. For this purpose an attachment of the logs is provided for, and the case proceeds in rem. Before the attachment is

served, an affidavit, the form of which is given in the statute, is to be made and attached to it. The circuit court has jurisdiction when the claim exceeds one hundred dollars, but when two or more persons have claims in sums less than one hundred dollars each, they are permitted to unite them, and designate one of their number their agent or attorney for prosecuting the lien or any suit necessary for enforcing the same.

In this case twenty-six persons unite their claims, and sue in the name of one person who represents himself as agent and attorney for all for the collection of their claims. It is objected to the affidavit that it fails to allege that the claimants have united their claims, and have designated the plaintiff as their agent or attorney for prosecuting the lien claimed by each, or any suit necessary to enforce the same. Also, that it fails to show that each of the several claims was under one hundred dollars in amount.

These objections were made on motion to dismiss. They are somewhat technical, and do not go to the merits. The statute gives a form for an affidavit adapted to the case of a single claimant, and the form has been followed in this case with an evident purpose to adapt it to the case of several claimants, but without entire success. But instead of dismissing the suit, it would have been much more in accord with our practice in analogous cases to permit a new affidavit to be made and annexed to the writ; and this, probably, the circuit judge would have done had he deemed the one objected to insufficient. He did not take that course, and the case proceeded to trial and judgment.

We must assume that it appeared on the trial that no single claim exceeded a hundred dollars, since if it had, the defendant, on objection based on that ground, would have had it rejected. This being so, it is impossible to see or suggest how the defendant has been injured by the technical defects of the affidavit. The case would have proceeded in the same way and resulted in the same judgment had the affidavit been perfect. And the question now is whether the judgment shall be set aside and the proceedings quashed for

defects which have resulted in no injury, and which might have been remedied by the party if the circuit judge had believed they were defects in fact. We think not.

The statute provides that judgments shall not be stayed, reversed, impaired or in any way affected by reason of a number of specified defects, or " for any other default or negligence of any clerk or officer of the court or of the parties, or their counsellors or attorneys, by which neither party shall have been prejudiced," and authorizes the defects to be supplied or amended by the court of original jurisdiction or by the court into which the judgment shall be removed by writ of error. How. Stat. §§ 7635, 7636. This case is clearly within the equity of the statute, and a new affidavit might be supplied even here if we deemed it necessary. But after judgment such defects as are here pointed out may be disregarded entirely.

The objection that the affidavit does not show who is owner of the logs has no force. The statute neither expressly nor by implication requires it. On the contrary it supposes there may be cases in which the owner will be unknown, and the form given for the writ contains a command to the officer to make service upon the owner, if he is known to the sheriff and resides in the State. This form was followed, and the command is a very proper one.

The statute is remedial and useful, and ought not to receive a narrow and technical construction. We know of no constitutional objection to it, and think the judgment should be affirmed.

CHAMPLIN, J. concurred.