### MICHAEL TALLON v. GRAND PORTAGE COPPER MINING CO.

*Contract of hire—Period of employment—Credibility.*

1. In an action on a contract of hire the question was whether the period of employment was by the year or by the month. The contract itself stated that the one party agreed to pay the other a specified sum "per year, payable in monthly payments." Payments were in fact made monthly, but in the course of the third year of employment the

55 147
55 386
58 507

55 147
98 525

55 147
103 130

55 147
s20NW 878
f129 544

55 147
s20NW 878
132 ¹120

employee was discharged. Toward the close of the second year he had asked his employer if he was satisfied and the latter had said that he was. *Held*, that these facts were for the jury, who were to determine what the understanding of the parties was as to the period of hire.

2. The credibility of a witness is for the jury to determine.

Error to Houghton. (Steere, J.) Oct. 17.—Oct. 22.

Assumpsit. Defendant brings error. Affirmed.

*T. M. Brady* and *Chandler & Grant* for appellant. A general or indefinite hiring is prima facie a hiring at will, and if a servant seeks to make it out a yearly hiring the burden is upon him to establish it by proof: Wood on M. & S. 272; *Franklin Min. Co. v. Harris* 24 Mich. 115; *Haney v. Cadwell* 35 Ark. 156; *Kansas Pacific R. R. Co. v. Roberson* 3 Col. 142; *Boogher v. Maryland Life Ins. Co.* 8 Mo. App. 533.

*T. L. Chadbourne*, *A. C. Angell* and *Ashley Pond* for appellee, claimed that there was evidence from which a hiring by the year could be inferred: *Tatterson v. Suffolk Mfg. Co.* 106 Mass. 56; *Bleeker v. Johnson* 51 How. Pr. 380; *Kirk v. Hartman* 63 Penn. St. 97.

Sherwood, J. The plaintiff in this case claims damages for the breach of a contract for hire for a year.

The contract reads as follows:

"This agreement, made the 29th day of October, A. D. 1880 between M. L. Tallon and Grand Portage Copper Mining Company, both of Houghton county, Michigan. The said M. L. Tallon has agreed to enter into the service of the said Grand Portage Copper Mining Company as general superintendent of said mine, both underground and on surface and promises faithfully, honestly and diligently to devote his time to the best interests of the said Grand Portage Copper Mining Company. In consideration whereof the Grand Portage Copper Mining Company agrees to pay the said M. L. Tallon the sum of two thousand dollars per year, payable in monthly payments."

This contract was duly signed by the parties, and under it the plaintiff, in November, 1880, entered the service of the defendant, and continued in the same until the 21st day of March, 1883, when he was discharged and paid by the defend-

ant up to the first day of April following. Payments were made monthly to plaintiff for his services during the period. No other arrangement was made for plaintiff's service or terms thereof, except as appears in the contract above given. On the 23d day of October the plaintiff had the following conversation with the president of the company, whose name was Wertin: "I said to Mr. Wertin—it was coming on the expiration of the second year—I asked him if he was satisfied and he said, yes." Under this contract and statement the plaintiff claimed a hiring by the year. No special reason seems to be assigned or given for the discharge of the plaintiff.

The defendant claims the hiring was not for the year, but from month to month. The cause was tried before a jury, and the plaintiff had judgment. It was substantially admitted upon the argument if the hiring was for the year the plaintiff was entitled to recover. This fact was left for the jury to find, under all the circumstances, and this is alleged as error.

We think the question was properly submitted to the jury. What the parties understood and intended upon this subject must govern, and that could only be gathered from the written contract offered in evidence. The conversation between the plaintiff and the president of the company, and the manner the parties dealt with each other, and the length of time the plaintiff had already served,—these were all to be taken into consideration; which, among other things, involved the credibility of the witness, and that, of course, was for the jury.

It was claimed the written contract was not competent testimony upon the issue presented. We do not concur in this view. It was competent as tending to show the amount of wages and value of services; and in view of the testimony, which does not seem to be questioned, that the agreement for service had never been changed, really made a very important piece of evidence in determining the rights of the parties.

We find nothing in the charge or the refusals to charge, to which exception can be properly taken, and the judgment of the circuit court must be affirmed.

The other Justices concurred.