## CHARLES W. SINES v. THE SUPERINTENDENTS OF THE POOR FOR WAYNE COUNTY.

| 58 | 503 |
| 98 | 525 |
| 58 | 503 |
| s25nw | 485 |
| f129 | 544 |

[See 55 Mich. 383.]

*Contract of hire—Statute of frauds—Parties.*

1. Where, under a contract for a year's service the employee has gone on from year to year and at the end of a year is allowed to go on without objection, a presumption arises which will warrant a jury in finding that the parties to the contract have assented to its continuing in force for another year. And the Statute of Frauds does not apply to defeat it.

2. One who has engaged in his own name to furnish his own services and those of his wife can sue on the contract in his own name; as his wife is not a party thereto and her earnings under it belong to her husband, she need not be joined as plaintiff.

Error to Wayne. (Jennison, J.) Nov. 10.—Nov. 19.

ASSUMPSIT. Defendants bring error. Affirmed.

*John Atkinson* for appellants.

*Ervin Palmer* for appellee.

CHAMPLIN, J.    This suit is brought by Mr. Sines against the superintendents of the poor of Wayne county, to recover damages for not having been retained in their employment for the remainder of the year, commencing October 1, 1882, after February 1, 1883.    His declaration contains two special counts.

In the first he alleges that the defendants promised and agreed with him that if he would undertake to perform the duties of keeper of the Wayne county almshouse, and would cause his wife to perform the duties of matron of the same, from the first day of October, 1882, to the first day of October, 1883, they would pay him $800 when requested, and would furnish him during the year house-rent and board for himself and wife, and keep and board for his horse, in consideration of which he agreed to perform the duties of keeper, and to have his wife perform the duties of matron ; and they entered upon and performed said duties up to February 1, 1883, and were willing to continue, but the defendants on that day, without just cause or provocation, refused further to allow them to perform such duties, or to pay him for their further services, or to furnish house-rent and board for himself and wife, or to keep and board his horse, whereby he has been deprived of profits, etc., and was compelled to remain wholly out of business for eight months, although he diligently sought to again get into business and employment, and to procure employment for his wife, and was put to great trouble and expense in and about procuring a house suitable to live in, and in keeping and boarding his horse.

The second count avers the promise to be to pay him what his services would be reasonably worth, and to furnish house and board for himself and wife, and keep and board for his horse.    No question arises under the second special count, or under the common counts, which were also added to the declaration.    The plea was the general issue.

On the trial the plaintiff testified in his own behalf that he

had been in the employ of the defendants, commencing February 1, 1875, and was their clerk from that time until August 18, 1877, and understood their manner of doing business during that time ; he entered into negotiations with and made a contract with the board ; that he was employed in August, 1877, to take charge of the almshouse as keeper ; that he was to have $800 per year, and the keeper's house was to be furnished to live in, and he was to have his living.   The plaintiff then read in evidence, from the defendants' record, the following resolutions :

"WAYNE COUNTY, November 10th, 1880.

At a session of the superintendents of the poor :—present : Messrs. M. Dunn, J. Guthardt, and J. C. McDonald :—the undersigned, superintendents of the poor, have this day elected C. W. Sines as keeper of the Wayne county almshouse, for the year ending 1881, at a salary of eight hundred dollars per year.

WAYNE COUNTY ALMSHOUSE, January 4th, 1882.

Resolved, by the board of superintendents of the poor in and for Wayne county, at one of their regular sessions, held at their office at the almshouse in said county on the 4th day of January, 1882, that C. W. Sines and wife, the present keeper and matron, be, and they are hereby, reappointed keeper and matron of said almshouse for and until the first day of October, 1882, at the rate of eight hundred dollars per annum."

[Signed, the three superintendents.]

The plaintiff further testified that during the year preceding the resolution of January 4, 1882, he did the duties of keeper, and his wife the duties of matron, and received $800 a year, and had the house and living, and had the keeping of a horse, together with his care and grooming ; that the contracts were always made with him, and no contracts were made with his wife ; that the fiscal year and his services by contract ended on September 30th ; that just prior to the expiration of the year, he made inquiry of the president of the superintendents as to whether they desired him to remain another year ; that he wanted to know, as his houses were

both occupied, and he wished to know, on account of letting
his farm the next year; and if they did not want him another
year, he wanted to leave when his time was out.   The presi-
dent informed him that he would bring the matter before
the board, and in the mean time that he should go on and
perform his duties the same as before.   Payments for his
services had been made monthly, and defendant and wife con-
tinued to perform the duties of keeper and matress until in
January, 1883, and the usual monthly payments for services
were made, and nothing was done about terminating his
employment until January 3, 1883, when the following notice
was served upon defendant, namely :

"WAYNE COUNTY ALMSHOUSE, January 3rd, 1883.

*Charles W. Sines :*   Take notice, that your services as
keeper and your wife as matron of the Wayne County Alms-
house will not be required after the 1st day of February,
1883.   You will therefore leave the premises, and deliver up
the keys and possession of the county property belonging to
said almshouse into the hands of the superintendents of the
poor.   They have this day appointed S. D. Curtis and his
wife as keeper and matron of said Wayne County Almshouse
in your stead.                         DANIEL SHANNAHAN,
                                JOHN J. VROOMAN,
                          Superintendents of the Poor."

Defendant continued in service until February 1, 1883, and
then delivered up the keys to the superintendents, under pro-
test, and endeavored to find work elsewhere during the re-
maining eight months of the year, but only partially suc-
ceeded, having earned only $104 during the time.   It will
be observed that no reason is stated in the notice for dis-
charging defendant, and none was offered or proved upon the
trial.

It is urged by defendants that the contract claimed by the
plaintiff is void by reason of the Statute of Frauds ; that the
talk with the president in September, to continue work until
he had laid the matter before the board, was a contract not
to be performed within a year.   But this is an erroneous view
of the testimony.   The contract had been previously made
for a year's service, and under that contract defendant had

gone on from year to year, and in such cases, if nothing is said or done by either party at the end of the year to terminate it, but on the contrary, the person performing service is allowed to continue on without objection, the facts raise the presumption from which the jury have found that both parties have assented to the contract continuing in force for another year. *Tatterson v. Suffolk Manuf'g Co.* 106 Mass. 56. The case of *Tallon v. Grand Portage Copper Min. Co.* 55 Mich. 147, as was said by us when the case was here on a former occasion, rules this case upon the point under consideration.

It is also claimed that the wife of plaintiff should have joined as plaintiff in the action. There is no merit in this point. She was not a party to the contract, and her earnings, whatever they were, as matron, belonged to the plaintiff. *Harrington v. Gies* 45 Mich. 374.

Upon the question of damages we discover no error in the record.

The judgment of the circuit court is affirmed.

The other Justices concurred