WRIGHT *v.* ELK RAPIDS IRON CO.

1. CONTRACT OF EMPLOYMENT — EVIDENCE — WRONGFUL DIS-
CHARGE.
  Evidence that a discharged employé was hired originally by
  the year, and that his services were continued from year to
  year on the same basis, is competent to show that, at the
  time of his discharge, he was employed by the year, rather
  than by the month, and was therefore entitled to salary for
  the full year.

2. SAME—ESTOPPEL.
  An employé, discharged before the expiration of his contract,
  is not precluded from recovering his salary for the remainder
  of the term by the fact that he applied for and received a
  letter of recommendation from his employer, where he noti-
  fied the latter at the time that he relied on his contract and
  expected to enforce it.

3. APPEAL—BILL OF EXCEPTIONS—PROLIXITY.
  The bill of exceptions is criticised as unnecessarily prolix.

Error to Antrim; Mayne, J.  Submitted January 28,
1902.  Decided March 4, 1902.

*Assumpsit* by Fred Wright against the Elk Rapids
Iron Company to recover a balance of salary.  From a
judgment for plaintiff, defendant brings error.  Affirmed.

Plaintiff had been employed by defendant as foreman
in its flouring mill from 1890 until May, 1896, when he
was discharged.  He claimed a hiring by the year; the
defendant, by the month.  The declaration and bill of par-
ticulars were to recover the balance due for the rest of the
year after his discharge.  The contract rested in parol.
Plaintiff gave evidence tending to show a hiring by the
year in 1890; that his services had been continued from
year to year upon the same basis.  Defendant also claimed

justification for his discharge, though no notice to that effect was given in the plea.   All questions of fact were submitted to the jury, who found for the plaintiff.

*Pratt & Davis*, for appellant.

*Rollin H. Person*, for appellee.

GRANT, J. ( *after stating the facts* ).   1. The evidence of the previous hiring by the year, and the continuance under that arrangement from year to year, was competent evidence of a hiring for the year 1896.   It is unnecessary to enter into the details of the evidence.   The case is controlled, both in its facts and law, by *Tallon* v. *Mining Co.*, 55 Mich. 147 (20 N. W. 878); *Chamberlain* v. *Stove Works*, 103 Mich. 124, 129 (61 N. W. 532); *Sines* v. *Superintendents of the Poor*, 58 Mich. 503 (25 N. W. 485).

2. At the time of or upon notification of his discharge, plaintiff obtained a letter of recommendation from the defendant's officers, stating that he had been in defendant's employ as head miller for six years, that he was a competent man for such position, and that his steadiness and attention to duty were beyond criticism.   It is insisted that this estopped the plaintiff from recovery.   The circuit judge, at the request of the defendant, instructed the jury that if plaintiff did apply for such letter, leading it to believe he was going to accept his discharge, he could not recover.   To this request the judge very properly added that if at the time of his discharge, or prior thereto, he notified the defendant that he claimed under a contract by the year, and expected and intended to enforce it, then he was entitled to recover.   It requires no argument to show the correctness of this instruction.

3. Some questions are raised upon the rejection and admission of testimony.   We find no error in the rulings of the court.   The defendant was given very wide latitude in introducing evidence as to why it discharged him, some of which the court might with propriety have

excluded. Technical objections are also raised against certain portions of the court's instruction. Taken as a whole, the instruction was a clear and correct statement of the law applicable to the case. The jury could not possibly have been misled. The principles of law are familiar, and it is unnecessary to discuss them.

The record in this case is unnecessarily long. The bill of exceptions was prepared by taking the notes of the stenographer upon the trial, and attaching a beginning and ending to them. The record contains everything that was said upon the trial, including several pages of colloquies between the court and counsel. Such a bill of exceptions is not a compliance with the rule, and casts upon this court unnecessary labor. The most of the testimony should have been condensed in narrative form, and a large part of it, which is mere repetition, left out.

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred. LONG, J., did not sit.