[No. 6467. Decided December 13, 1906.]

## C. SCHURRA, *Respondent*, v. BUFFALO-PITTS COMPANY, *Appellant*.[1]

CONTRACTS—CONSTRUCTION—PRINCIPAL AND AGENT—DURATION OF AGREEMENT—QUESTION FOR JURY. In an action by an agent for commissions for sales made in January, 1902, under a contract "for season of 1901," wherein the principal agreed to furnish machines for all sales made "prior to November 1st, 1901," the duration of the contract, or whether it was extended, was properly submitted to the jury, where there was evidence of letters, acceptance of sales, and appropriation by defendant of the proceeds, justifying a finding that the contract was extended; as employment after expiration of the term is presumed to continue at the original rate and not upon a *quantum meruit*.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered August 25, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover an agent's commissions. Affirmed.

*Danson & Williams*, for appellant.

*William E. Richardson* and *Lawrence Jack*, for respondent.

[1] Reported in 87 Pac. 945.

DUNBAR, J.—This action is brought to recover commissions alleged to be due respondent on sales made by the respondent while acting as the agent of the appellant. Three causes of action are set forth in the complaint, all based on a contract of agency. The contract has, at its top, the following words: "For Season of 1901." The first obligation of the appellant in the contract is as follows:

"1st.   To furnish to the said party of the second part such number of engines, threshers, swinging stackers, horse-powers, and their appurtenances (manufactured by it, the Buffalo Pitts Company), as the said party of the second part may be able to sell, as its special agents, and in accordance with the terms stipulated herein, prior to November 1st, 1901, the said party of the first part reserving to itself the right, in case it shall not be able to fill the orders of the said party of the second part, to restrict the said party of the second part to such number of machines, and parts of machines, as it may be able to supply."

The complaint shows that the second and third causes of action were for commissions on sales of agricultural implements for the benefit of defendant, after the 1st of November, 1901, viz., on the 17th day of January, 1902, and it is these causes of action that are contested by the appellant here.   Appellant demurred to the complaint, which demurrer was overruled; objected to the introduction of any evidence as to the sales made in 1902; and, upon respondent's resting, entered a challenge to the sufficiency of the evidence, which was also overruled.   The same objection was made after all the evidence had been introduced, which was overruled.   In its instructions the court left the construction of the contract of agency, and the matter of its duration, to the jury, and the jury returned a verdict for respondent in the sum of $635.   Judgment was entered thereon, and appeal is taken from such judgment.

The pertinent contention in this case is; that the respondent was not entitled to recover on the contract for merchandise sold after the alleged expiration of the contract in No-

vember, 1901. This action, it may be conceded, is brought upon the contract, and it may also be conceded that, where an action is brought on an express contract, recovery cannot be had on a *quantum meruit.* No proof was attempted to be made of the reasonable value of the services upon the trial, but the respondent relied entirely on the stipulated compensation mentioned in the contract. If the contract had ceased to be in force by reason of the expiration of the time, then the respondent could not recover upon the second and third causes of action; if it was still in force, he could recover upon such cause of action, and the judgment is right. It will not be denied that the rule contended for by the appellant, that a contract of agency terminates with the expiration of the time set in the contract, is elementary, if no other circumstances are taken into consideration or brought to bear upon it. But a contract may be extended by the actions and agreements of the parties to the contract, not incorporated in the contract itself.

The appellant assigns error of the court in submitting the construction of the contract in question to the jury. Ordinarily, the question of the meaning of a written contract is one of law for the court, and not for the jury. But this contract is not altogether unambiguous, and the time might be construed to be a limitation , on the part of the appellant, as to the machinery furnished. In any event, certain acts of the appellant were introduced in testimony, and the jury had the right to construe the contract, or to determine whether the contract was in force when the goods were sold, with reference to said acts. We think the jury was justified in determining from the testimony in this case, the letters introduced in testimony, the acceptance of the sales made by the respondent, and the appropriation by appellant of the benefit of said sales, that the contract was extended, that both parties treated the contract as extended until after these sales were made, and that the appellant ought to be bound by

such extension. While, as we have indicated, the general rule is that a contract of agency ceases at the time prescribed in the agreement, yet, it is equally well established that, if an agent employed at an agreed price for a certain time continues in the same employment after the expiration of the term, without any new agreement, the presumption of law is that he continues at the original rate of compensation, and that there can be no recovery upon a *quantum meruit.* 1 Am. & Eng. Ency. Law (2d ed.), 1161, and cases cited.

It was also decided, in *Sines v. Superintendents of Poor,* 58 Mich. 503, that where, under contract for a year's service, the employee has gone on from year to year, and at the end of the year is allowed to go on without objection, a presumption arises which will warrant a jury in finding that the parties to the contract have assented to its continuing in force for another year. To the same effect are *Tallon v. Grand Portage Copper Min. Co.,* 55 Mich. 147, 20 N. W. 878, and *Tatterson v. Suffolk Mfg. Co.,* 106 Mass. 56. This rule, we think, is a proper one, as its tendency is to insure justice.

We discover no reversible error on the part of the court in the instructions given, or in the admission or rejection of testimony. The judgment is therefore affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN and CROW, JJ., took no part.