SMITH *v.* CHASE & BAKER PIANO MANUFACTURING CO.

1. FRAUDS, STATUTE OF—EMPLOYMENT—MASTER AND SERVANT—
VOID CONTRACTS.

A contract of employment for three years as superintendent
of defendant's factory, not in writing, was void under 3
Comp. Laws, § 9515 (4 How. Stat. [2d Ed.] § 11399, subd.
1), since it was not to be performed within one year.

2. SAME—CONTRACTS—COMPENSATION OF SERVANT.

Under such void contract, the hiring could not be treated
as a hiring for or by the year, and plaintiff could only
recover on it so far as it was performed although plain-
tiff had entered upon the third year's employment at the
time of his discharge.

3. PLEADING—CONTRACTS—IMPLIED CONTRACTS.

Having declared on a special contract, shown by the evi-
dence to be void, plaintiff, who relied thereon, was not
entitled to recover on an implied contract.

Error to Oakland; Smith, J.   Submitted April 11,
1913.   (Docket No. 53.)   Decided May 28, 1913.

Assumpsit by John L. Smith against the Chase &
Baker Piano Manufacturing Company on a contract
of hiring.   Judgment for plaintiff.   Defendant brings
error.   Reversed.

*F. H. & G. L. Canfield,* for appellant.
*Fred A. Baker,* for appellee.

KUHN, J.   The plaintiff brought suit against the
defendant to recover installments of salary for the
months of May and June, 1912, which he claimed as
superintendent and manager of the defendant's fac-
tory at Holly, Mich., under a parol contract of em-
ployment made February 1, 1910, for at least three
years from its date.   The declaration contains a
special count and the common counts, and the allega-

tions with reference to the agreement in the special count are as follows:

"And the plaintiff avers that thereupon, to wit, on the 1st day of February, 1910, the said defendant entered into a special contract with plaintiff, in and by which contract it was mutually agreed that the plaintiff should become and be for at least three years the superintendent and manager of the piano factory of the defendant in Holly as aforesaid at an annual salary of $5,000 payable in monthly payments; that the plaintiff agreed to perform the duties of superintendent and manager of said factory for the period of three years, and, in consideration of such promise by the plaintiff, the defendant agreed to pay him an annual salary of $5,000 payable in monthly payments, to wit, at Holly, in said county of Oakland."

The plaintiff was the only witness sworn upon the trial, and stated that the contract of employment was made by him with Jacob Heyl, the president of the defendant company. The following is from his testimony on direct examination:

"*Q.* What was said about your employment?

"*A.* Then I agreed to come into his employment and leave the Hobart M. Cable Company for not less than three years and at a salary of $5,000 a year.

"*Q.* How paid?

"*A.* Monthly.

"*Q.* What did he say?

"*A.* He agreed to that proposition.

"*Q.* He agreed to that?

"*A.* Also, I made a proviso he should give me par for my stock at the end of that time when I was leaving the company.

"*Q.* As I understand it you were to take your stock out of the Hobart M. Cable Company?

"*A.* Yes, sir.

"*Q.* And put it in this company?

"*A.* Yes, sir; $25,000 of cash turned over.

"*Q.* And you were to remain there, you were to have employment for three years?

"*A.* Not less than three years."

On cross-examination he testified as follows:

"*Q.* As I understand, Mr. Smith, this contract was made at an interview with Mr. Heyl, and was entirely in words?

"*A.* Yes, sir.

"*Q.* There was no writing?

"*A.* No, sir.

"*Q.* You have stated to us the details of that contract?

"*A.* Yes, sir; what I call a gentleman's agreement between him and I.

"*Q.* Recited it entirely, what you said and what he said?

"*A.* Yes, sir.

"*Q.* You remained at the factory in Holly until about the middle of May, 1912?

"*A.* Yes, sir.

"*Q.* And then left?

"*A.* Yes, sir; I was told my services wasn't required any further.

"*Q.* And you were vice president and director of the company during that time?

"*A.* Yes, sir; I am still."

He remained in the factory until about the middle of May, 1912, and was notified on May 1, 1912, in writing, that he would be discharged, and a new superintendent was installed on or about the middle of May. His salary was paid up to May 1st, but the defendant now concedes liability for salary for the month of May.

The defendant offered no testimony, but under its plea, which properly raised the question, insisted that the contract pleaded and proved was void under the statute of frauds. The court directed a verdict for the plaintiff for $846.57, which was the salary for the months of May and June. The errors relied upon are stated as follows:

"(1) That the court erred in not instructing the jury that the contract pleaded and proved was void under the statute of frauds.

"(2) That the court erred in directing a verdict for plaintiff for $846.57.

"(3) That the court erred in instructing the jury that plaintiff was entitled to recover salary for June, 1912.

"(4 and 5) That the court erred in not instructing the jury that the plaintiff could only recover for the month of May, 1912, and no further."

The plaintiff, pending this appeal, died, and a brief has been submitted on behalf of the administrator of his estate.

The contract of employment sued upon and testified to being one not to be performed within one year, and not in writing, is void. 3 Comp. Laws, § 9515.

It was the contention of plaintiff, and it is now urged, that the contract was a hiring by the year, and when the parties entered upon a new year, by the payment and acceptance of the salary, both parties are held to have made a contract for another year; and the cases of *Scott* v. *Beecher*, 91 Mich. 590 (52 N. W. 20); *Sines* v. *Superintendents of the Poor*, 58 Mich. 503 (25 N. W. 485), and *Wright* v. *Iron Co.*, 129 Mich. 543 (89 N. W. 335), are relied upon. In these cases the original contracts were for a year and were held renewed by a continuation of the employment or renting after the expiration of the term. In the instant case the original contract had not expired and was void. This was the contract sued upon, and the parties thereto were bound thereby so far as it was performed. *Fuller* v. *Rice*, 52 Mich. 435 (18 N. W. 204). The express contract being the one declared upon and relied upon, no recovery can be had on an implied contract. *Schurr* v. *Savigny*, 85 Mich. 144 (48 N. W. 547); *Shaw* v. *Armstrong*, 88 Mich. 311 (50 N. W. 248); *Swarthout* v. *Lucas*, 101 Mich. 609 (60 N. W. 306); *Ruttle* v. *Foss*, 161 Mich. 132 (125 N. W. 790).

It follows that the judgment must be reversed and a new trial granted.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.