SMITH *v.* CHASE & BAKER PIANO MANUFACTURING CO.

FRAUDS, STATUTE OF—QUANTUM MERUIT — COMMON COUNTS—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR.

The statute of frauds precludes recovery upon a contract to perform services for a term of three years at a stated salary which was not in writing, but the plaintiff was entitled to bring an action upon the *quantum meruit* for services actually performed: no implied agreement would sustain a judgment for services to be performed at a subsequent time, the contract being absolutely void under such statute.

Error to Oakland; Smith, J.  Submitted April 17, 1914.  (Docket No. 56.)  Decided April 6, 1915.

Assumpsit by Joseph C. Smith, as administrator of the estate of John L. Smith, deceased, against the Chase & Baker Piano Manufacturing Company for services performed.  Judgment for plaintiff, on a directed verdict, for an insufficient amount, and he brings error.  Affirmed.

*Fred A. Baker,* for appellant.

*F. H. & G. L. Canfield,* for appellee.

BIRD, J. Plaintiff's intestate made an oral agreement with defendant to become superintendent and manager of its Holly plant, from the 1st day of February, 1910, for a term of not less than three years, at an annual salary of $5,000, to be paid in monthly installments. He worked under this oral agreement until the middle of May, 1912, and received his pay therefor to May 1, 1912. Soon after July 1, 1912, he commenced this suit and recovered his monthly salary for the months of May and June. On writ of error to this court, the case was reversed for the reason that the plaintiff declared and relied upon an express contract, and therefore could not recover on an implied one. Inasmuch as his recovery for the month of June was on an implied contract, the verdict was set aside. 175 Mich. 371 (141 N. W. 563). Upon the return of the case to the trial court, the record was amended by substituting the administrator for the intestate as plaintiff, and by adding the following paragraph to the declaration:

"And the plaintiff expressly avers that heretofore, to wit, on the 1st day of February, 1912, the said defendant agreed to employ the plaintiff for the whole of year ending February 1, 1913, at the annual salary of $5,000, payable in monthly installments, and the plaintiff agreed to serve the defendant for the whole of said year, to wit, at Holly, in said county of Oakland."

A retrial was then had, and the same testimony that was given upon the first trial was introduced and read in evidence. Plaintiff's counsel then insisted that, by reason of the amendment, he had the right to recover on an implied contract for services for the month of June. It was conceded by defendant's counsel that the plaintiff was entitled to recover services for the month of May, the services having been rendered. The sole evidence relied upon to support the implied contract was the void contract, and the in-

ference to be drawn from the fact that defendant permitted plaintiff to enter upon a third year and paid him for the months of February, March, and April. The trial court, being of the impression that no different case was made from the first one, directed a verdict for the plaintiff for one month's salary for the month of May.

Passing over the question of the propriety of the amendment, we are of the opinion that there was no competent proof to sustain the case on the theory of implied contract. If one makes a contract for services which is void under the statute, he can recover at the contract price for the services actually rendered. *Fuller* v. *Rice,* 52 Mich. 435 (18 N. W. 204) ; *Smith* v. *Manufacturing Co.,* 175 Mich. 371 (141 N. W. 563). Or, if he has rendered services in reliance upon a void contract, he may recover the value of the services actually rendered, under the common counts. *Fuller* v. *Rice, supra; Moore* v. *Nason,* 48 Mich. 300 (12 N. W. 162). But we know of no rule of law which would permit an implied contract to pay for services which have not been actually rendered to be built up out of a void contract.

We think the view taken by the trial court was the proper one, and the judgment will be affirmed.

BROOKE, C. J., and MCALVAY, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.