### PAUL *v.* GRAHAM.

1. FRAUDS, STATUTE OF — BROKERS — WRITING — MEMORANDUM — PROMISE TO PAY COMMISSIONS.

    Under the amendment of Act No. 238, Pub. Acts 1913, avoiding any agreement to pay a commission on the sale of real estate unless in writing, correspondence in which it was stated that a note from plaintiff to defendants might be paid out of commissions earned in selling lands in Florida did not satisfy the statute of frauds, since it did not show all the terms of the contract. 3 Comp. Laws 1915, § 11981.

2. SAME—WRITTEN CONTRACTS.

    A memorandum, to be sufficient, must be complete in itself and leave nothing in parol. In an agreement to pay broker's commissions the time of payment, rate of commission, and time of termination, etc., are essential elements which should be mentioned in the contract.

3. SAME—VALUE OF SERVICES—QUANTUM MERUIT.

    No recovery ·is allowed on the *quantum meruit* for the value

of broker's services, in the absence of a written agreement, as such a holding would deprive the statute of its force.

Error to Calhoun; North, J. Submitted April 6, 1916. (Docket No. 36.) Decided December 21, 1916.

Assumpsit by H. M. Paul against William B. Graham, C. W. Shriver, George W. Dunham, and E. C. Humpidge, copartners as Graham & Shriver Company, for commissions on the sale of real estate. Judgment for plaintiff. Defendants bring error. Reversed, and no new trial ordered.

*W. S. Powers*, for appellants.

*Stewart & Jacobs*, for appellee.

BIRD, J. The defendants were owners of land near Ft. Myers in the State of Florida, and were engaged in selling the same in small tracts of five acres and upwards, upon contracts containing provisions for developing the land by planting grape fruit and orange groves, and caring for them for a stated period. Some time between the 25th day of August and the 6th day of September, 1913, defendants made a verbal agreement with the plaintiff to assist in selling the tracts on commission. The terms of the verbal agreement are in dispute, both as to the amount of the commission to be allowed and the territory in which plaintiff should be entitled to work. The parties worked under this oral agreement until February 9, 1914, when a new agreement was made in writing. Plaintiff claims there is a balance due him under the oral agreement, and this suit was instituted to recover it. Defendants raised the point that the oral agreement for commission could not be enforced, because it was within the recent amendment to the statute of frauds (Act No. 238 of the Public Acts of 1913, 3 Comp. Laws 1915,

§ 11981), which requires such agreements to be in writing. The trial court was of the opinion that certain letters written by defendants, and certain statements of account which were rendered to plaintiff, took the agreement outside of the statute. The corrected statements credit plaintiff with a commission of $20 per acre, whereas he contends he was to receive $25. One letter advises him that he is credited with $10 on his note and $10 in cash. The letters were written and the statements rendered after the services were performed. The letter which is relied on by counsel to take the agreement out of the statute reads:

"BATTLE CREEK, MICH., Feb. 2, 1914.
"It is agreed between the Graham-Shriver Company and H. M. Paul, that the note bearing even date herewith and attached hereto, is to be paid from commissions earned by H. M. Paul in selling Florida lands of the Graham-Shriver Company.
[Signed]   "GRAHAM-SHRIVER COMPANY,
"Per GEORGE DUNN.
"H. M. PAUL."

1. Counsel urge that this letter shows the fact that commissions were to be paid to plaintiff, and therefore is sufficient to satisfy the statute, and he quotes similar provisions from the statutes of other States, and construction of the several courts thereon in support of his contention. This amendment was ingrafted onto section 9515 of the Compiled Laws of 1897, to stand as subdivision 5, and reads as follows:

"Every agreement, promise or contract to pay any commission for or upon the sale of any interest in real estate."

In the early case of *Hall* v. *Soule,* 11 Mich. 494, it was said:

"A promise in writing to pay the debt of another is not valid unless it show the whole terms of the contract; no resort can be had to parol evidence to add to them."

This holding was afterwards approved. in *Palmer v. Mill Co.*, 32 Mich. 274; *James v. Muir*, 33 Mich. 223; *McElroy v. Buck*, 35 Mich. 434.   In *Gault v. Stormont*, 51 Mich. 636 (17 N. W. 214), this rule was restated as follows:

"A memorandum to be sufficient,  *  *  *  must be complete in itself, and leave nothing to rest in parol."

Again in *Francis v. Barry*, 69 Mich. 313 (37 N. W. 353), it was said:

"A complete and binding contract may be created by letters or other writings relating to one connected transaction, if, without the aid of parol testimony, the parties, the subject-matter, and the terms of the contract may be collected."

And so far as we are advised, this rule has never been departed from in the subsequent decisions of this court.   The foregoing letter, tested by this rule, is found wanting.   The letter is silent as to the territory. in which plaintiff shall operate.   There is nothing to show when the commissions are payable; whether they are payable when the sale is made, or when the vendee makes final payment on his contract.   There is nothing to show the rate of commission agreed upon for the sale of the tracts, except the letters and statements of account, and these are asserted by plaintiff to be incorrect, and by defendants to have been made in the nature of a compromise.   And there is nothing to show how long the contract should continue.   These are important elements, and if we are to overlook them and say that proof of the bare fact that some commission was to be paid is a compliance with the statute, and permit parol proof to make a completed contract, the effect which was obviously intended by the legislature is set at naught, and the controversies which the passage of the act was sought to avoid will still be with us.   We think this subdivision 5 should be subject to

the same construction that has been given the other subdivisions so far as it is applicable.

2. Plaintiff takes the further ground that if the agreement shall be adjudged to be within the statute, then he is entitled to have the judgment affirmed under his count on the *quantum meruit.* To sustain that count he showed by competent testimony what the value of plaintiff's services was for selling the tracts. It has been the rule of this court to permit recoveries for services actually performed under contracts void under the statute of frauds, either at the contract price or under a *quantum meruit. Fuller* v. *Rice,* 52 Mich. 435 (18 N. W. 204) ; *Moore* v. *Nason,* 48 Mich. 300 (12 N. W. 162) ; *Smith* v. *Manufacturing Co.,* 175 Mich. 371 (141 N. W. 563) ; *Id.,* 185 Mich. 313 (151 N. W. 1025). If this rule is to be made applicable to this section of the statute of frauds, it would practically nullify the effect of the statute. Demands for commissions by real estate brokers are not usually made or pressed until the contract is performed. This being so, a recovery could be had, in nearly every instance, either at the contract price or under the *quantum meruit.* In order to give the act the effect which the legislature evidently intended it should have, we have decided to hold that no recovery can be had under this section unless the agreement therefor is in writing. This is in accord with the holding of other courts which have construed similar statutes. *Leimbach* v. *Regner,* 70 N. J. Law, 608 (57 Atl. 138) ; *Blair* v. *Austin,* 71 Neb. 401 (98 N. W. 1040) ; *McCarthy* v. *Loupe,* 62 Cal. 299.

In view of this conclusion, the judgment of the trial court must be reversed, and no new trial ordered.

STONE, C. J., and KUHN, OSTRANDER, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.