### KUTZNER v. STUART.

1. FRAUDS, STATUTE OF—CONTRACTS—ORAL CONTRACT NOT TO BE PERFORMED WITHIN ONE YEAR VOID.

    An oral agreement to take charge of a farm and operate it for five years was void under the statute of frauds (3 Comp. Laws 1915, § 11981).

2. CONTRACTS — VOID CONTRACT — SERVICES — QUANTUM MERUIT — MEASURE OF DAMAGES.

    Where plaintiff took charge of defendant's farm under an oral contract to operate the same for a term of five years, but after a few months he was compelled by defendant to abandon his work, he was entitled to recover for the services he had rendered at the contract price, or he could recover the value thereof under a *quantum meruit*, although the contract was void under the statute of frauds.

3. SAME—EVIDENCE—ADMISSIBILITY.

    In an action to recover under a *quantum meruit* for services rendered under a void contract, the contract was admissible in evidence to explain the relations of the parties and the character of the work which plaintiff performed, but not as a basis of creating a liability on defendant's part.

4. SAME—MEASURE OF DAMAGES.

    The trial court was in error in permitting the jury to use the clause in the contract providing the measure of damages in case the farm was sold before the expiration of the five-year term as the measure of damages in this action, since the farm was not sold and the clause would not have been applicable even if the contract had been valid.

5. DAMAGES—QUANTUM MERUIT—PROOF—SUFFICIENCY.

    In an action on a *quantum meruit*, where plaintiff offered no proof of the value of the services which he rendered, there was no basis upon which the jury could fix his damages.

On right to *quantum meruit* for services rendered under parol contract unenforceable because not to be performed within a year, see note in L. R. A. 1916D, 895.

6. CONTRACTS—EVIDENCE—ADMISSIBILITY.

Testimony of the value of personal property which plaintiff was to receive in case the farm was sold before the expiration of his term was incompetent and immaterial and should have been excluded.

7. SAME.

Testimony of plaintiff's housekeeper of the taking out by defendant, in mid-winter, of the windows and doors in the tenant house in which they lived, *held*, admissible for the purpose of showing that plaintiff was ejected, but not for the purpose of showing that she was inconvenienced thereby.

Error to Wayne; Hosmer (George S.), J. Submitted June 24, 1921. (Docket No. 62.) Decided July 19, 1921.

Assumpsit by William Kutzner against Alexander J. Stuart for work and labor. Judgment for plaintiff. Defendant brings error. Reversed.

*Harry H. Wait,* for appellant.

*Washington I. Robinson,* for appellee.

BIRD, J. In the year 1917 defendant was the owner of a 300-acre farm in the township of Brownstown, Wayne county, fronting on Lake Erie. One hundred acres were tillable land. The other 200 acres were swampy and used for fishing, hunting and trapping, out of which a considerable revenue was annually received. Defendant resided upon and operated the farm. In July, 1917, he made an agreement with plaintiff to take charge of the farm and operate it for one-half of what was produced, plaintiff to furnish all the labor to carry on the farm, for a period of 5 years. The agreement appears to have been reduced to writing, but on account of some objections raised by defendant it was never signed. A small tenant house was

erected on the premises, both parties contributing thereto, but it does not appear in what proportion the contributions were made. Plaintiff moved to the place and began work on July 23, 1917. Everything appears to have moved along smoothly until the month of November, 1917, when plaintiff attempted to butcher the fat hogs. Defendant objected to this. Other troubles followed quickly over the attempt of plaintiff to make sales of other personal property. The situation became so tense the latter part of November that defendant gave plaintiff a written notice to leave the farm. After giving this notice, defendant, in the absence of plaintiff, took the windows and doors from the tenant house and transferred his furniture to a neighbor's barn, thereby forcing plaintiff to abandon and give up his work. Following this, plaintiff consulted his counsel and launched this suit to recover his damages. The amended declaration consists of three counts, two special counts on the contract, and the common counts. On the trial plaintiff was permitted to introduce the contract and use it as an aid in fixing his damages, although the court held that the contract was void because within the statute of frauds. The particular part of the contract used for fixing the damages was the following provision:

"In return the said Alex. J. Stuart agrees to pay said William Kutzner one-half of all moneys realized from the sale of the farm products, fishing and hunting industries and any other revenues arising from the carrying on of the business of the said farm and fishing and hunting industries. This agreement to be in force for a period of five years from the date hereof, and in the event said Alex. J. Stuart selling or in any way disposing of said farm or water or hunting privileges attached thereto before the expiration of this agreement, the said Alex. J. Stuart agrees to pay the said William Kutzner the sum of $———, and also to turn over to him all cattle, horses, stock and equipment of any and all kinds whatsoever as

a part of the recompense for the faithful performance of his part of this agreement."

After the admission of the contract plaintiff was permitted to make proof of the value of the personal property enumerated in the foregoing clause.     Defendant objected to this and requested the court to strike out the contract and all testimony of the value of the personal property mentioned therein.     This motion was denied.     It is further insisted by defendant that no competent proof was offered by plaintiff of his damages.

1. Plaintiff's contract being for a term of five years was within the statute and void (3 Comp. Laws 1915, § 11981).     Under these circumstances plaintiff had a right to recover for such services as he rendered, at the contract price, or he could recover the value of his services under a *quantum meruit*.     *Fuller* v.     *Rice*, 52 Mich. 435; *Smith* v. *Manufacturing Co.*, 185 Mich. 313.

As we understand, counsel was seeking to recover in the present case under a *quantum meruit*.     If he were, the contract was admissible if it was helpful in estimating his damages.     40 Cyc. p. 2849; *Rhea* v. *Myers' Estate*, 111 Mich. 140; *In re Williams' Estate*, 106 Mich. 490.

We are not prepared to say that it was error to admit the contract as it explained the relations of the parties and the character of the work which plaintiff performed, but it could not be used as a basis for creating a liability on defendant's part.     The serious error of the trial court was not in admitting the contract but in permitting the jury to use the clause quoted as a measure of damages.     That measure of damages was to be used only in the event of a sale of the premises before his term expired.     Plaintiff was deprived of his right to finish his con-

215—Mich.—18.

tract for other reasons than a sale of the farm. Even though the contract had been a valid one this element of damage would not have been admissible because no sale of the farm had taken place. Under the theory of a *quantum meruit* plaintiff should have made some proof of the value of the services which he rendered, but as the case went to the jury they had no basis in the testimony by which they could fix the value of them. The testimony of the value of the personal property was incompetent and immaterial and should have been excluded in response to defendant's motion.

2. Complaint is made of the testimony of plaintiff's housekeeper, who detailed at some length the manner in which the windows and doors were taken out of the tenant house in mid-winter. We think, in so far as her testimony tended to show that plaintiff was ejected, it was admissible. The details of how she was inconvenienced thereby were of no importance in this action.

For the error pointed out on the question of damages, the judgment of the trial court must be reversed and a new trial granted, with costs to defendant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.