## HARRY L. SHAW v. RICHARD ARMSTRONG.

*Contract—Action—Quantum meruit—Evidence.*

1. Where suit is brought to recover for labor performed under an express contract, and the parties differ only as to the price agreed to be paid, the plaintiff cannot abandon the contract, and recover what the labor was reasonably worth.

2. Where, in such a case, the plaintiff is informed by the defendant, on making the first monthly payment, that he claims that the labor is to be performed at a less price than that claimed by the plaintiff, plaintiff cannot go on with the performance of the work on the theory that there is no contract, and that he is entitled to recover its reasonable worth.

Error to Saginaw. (Edget, J.) Submitted on briefs November 6, 1891. Decided November 13, 1891.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Lawson C. Holden,* for appellant, cited no authorities.

*George W. Weadock* (*T. E. Tarsney,* of counsel), for plaintiff, cited no authorities.

MORSE, J. The controversy in this case involves the sum of $200.

The plaintiff sues in *assumpsit* upon the common counts, and filed his bill of particulars, the item of such bill in dispute being as follows:

"1888, Nov. 1. To six months' service of two steam fire-tugs, E. Haight and C. P. Fish, *as per agreement,* $500."

The plaintiff testified that after some negotiations as to this labor, before the service was performed, with the defendant, in which they did not agree as to the price,

the defendant offering $300 and plaintiff asking $500, the defendant said to him in substance that whatever bargain he could make with defendant's son, William Armstrong, would be all right; that he then entered into negotiations with the son, who finally told him to go ahead, and do the work at $500. At the end of the first month, when he came to draw his pay, William offered him a check for $50, which would be at the rate of $300 for the whole work. At first plaintiff refused to take this sum, and said: "That ain't right; $500 would be about $83 and some odd cents." William told him that if he did not take that he would get nothing. Plaintiff finally took the $50, giving a receipt for that amount "on account." He received $50 a month for four months thereafter, giving the same kind of a receipt each time; making $250 in all. The balance to make up the $300 was tendered him upon the trial. After the first payment the plaintiff well understood that defendant claimed that he was to pay but $300 for the work. The defendant and his son, William, testified that plaintiff agreed to do the work for $50 per month. There was other testimony tending to corroborate the claims of both parties. The plaintiff had judgment in the circuit court.

The court erred in permitting the plaintiff to testify that defendant's son, William, told him that his father was getting $4,000 for doing the fire-tug service on the Saginaw river for that year, and to follow it up by stating that the work the defendant wanted him to do was fully two-thirds of such fire-tug service. It was not material to the issue what defendant received, or what share of defendant's job he wanted plaintiff to do. It is contended that the plaintiff was entitled to this as a part of the talk and negotiations of the parties while they were engaged in making the contract between them; but the evident effect of it was to prejudice the jury,

and to influence them to give the plaintiff his claim, as $500 would be but one-eighth of what defendant received, while plaintiff did two-thirds of the work. After plaintiff had detailed the talk leading up to the agreement, without mentioning this statement, his counsel asked him this question:

"State whether or not he informed you how much he was getting for the entire service."

The question was objected to, and ruled out by the court. Thereupon plaintiff's counsel said:

"I offer, if your honor please, to show that in this conversation Mr. William Armstrong stated to Mr. Shaw that he was to get $4,000 for doing the fire-tug service on the Saginaw river for the year 1888, commencing with May 1, and ending with November 1; and that Mr. Harry Shaw said to him that he would not accept a position for $50 a month, by which he was to perform half the service, for which Armstrong was to get $4,000 for $300. It is part of the negotiations in this case."

Under this offer the testimony was admitted.

The effect of this evidence will be seen when we consider another error in the admission of testimony and the charge of the court. The plaintiff was permitted to show what his services were worth, under the theory that, if the jury found that the minds of the parties did not meet, the plaintiff was entitled to recover what his work was worth, not exceeding $500. And the court instructed the jury in substance that, if the minds of the parties did not meet,—that one understood that the price was to be $500 and the other $300,—both acting in good faith, the case was one where services were performed in the absence of a contract, and the law would give the plaintiff what his work was reasonably worth, not exceeding $500. If this were correct, the fact that the defendant was receiving $4,000 for the entire job, and the plaintiff

was performing two-thirds of it, would have an important bearing upon the value of his services.

But this admission of testimony and the charge of the court were erroneous for three reasons:

1. The bill of particulars limited the cause of action to an agreement to pay $500.

2. The plaintiff claimed a positive agreement on the part of the defendant to pay him $500, and the defendant an equally positive agreement that the work should be done for $300. There was no mistake about it. One or the other, in his testimony, told the truth; and the only issue was which one. There was no room in the case for the theory that the minds of the parties did not meet, and that one honestly thought the contract price was $500, and the other that it was $300. A case precisely in point is *Alderton v. Wright*, 81 Mich. 294.

3. After the first month's work was performed, the plaintiff knew that the defendant claimed that the work was to be done for $300. He could not go on with the work thereafter upon the theory that there was no contract, and that he was entitled to pay for what his work was worth. After that he was bound to establish the contract at $500, or to take defendant's price, $300. He had distinct notice that the defendant was permitting the work to be done under the idea or claim that there was a contract at $300. Under such notice he could not recover more than $300, unless he proved a contract for a higher price.

The judgment must be reversed, and a new trial granted, with costs of this Court to defendant.

The other Justices concurred.