ARTHUR H. SWARTHOUT v. ELIZABETH LUCAS.

*Action on contract—Instructions.*

Where, in a suit to recover for services rendered and expenses incurred in negotiating a loan and perfecting the applicant's title, each party relies upon the existence of an express contract, and the sole question of fact is as to its terms, it is not error for the court to refuse to submit to the jury the question of plaintiff's rights under an implied contract.[1]

Error to Saginaw. (Edget, J.) Argued June 22, 1894. Decided September 25, 1894.

*Assumpsit.* Plaintiff brings error. Reversed, and judgment entered for the amount for which the defendant admitted on the trial she was liable. The facts are stated in the opinion.

*J. F. O'Keefe,* for appellant.

*Bauer & Eaton,* for defendant.

GRANT, J. Plaintiff was the authorized agent of the Union Central Life Insurance Company, doing business in the State of Michigan, and clothed with the power to place loans for said company, in connection with insurance, within the county of Saginaw. Defendant saw the advertisement, and applied to plaintiff for a loan. He outlined the scheme of insurance, and informed her that it would be necessary for her to take out a policy of life insurance for the sum of $1,650. She decided to make the application. In it she agreed to furnish a perfect abstract of

---

[1] See, as bearing upon this question, *Rayburn v. Comstock,* 80 Mich. 448; *Shaw v. Armstrong,* 88 Id. 311.

101 MICH.—39.

title by an approved abstracter, and make it satisfactory to the company, and appointed plaintiff her agent to negotiate and procure the loan.　Her husband testified that plaintiff told her that the company had to have its abstracts a little different from any other, and that it required some work to change them; that it would cost between $6 and $8; and that witness replied, "All right." She testified that she told plaintiff that she had a perfect title to the property; that he said that the company would have to have a different abstract, but that he would use the old abstract in connection with it, and charge her with bringing it down; that he would not state certainly what his charges would be; that she said she would not take the loan if she had to pay out a lot of money for getting an abstract; that she finally asked him how much he could procure it for, taking the title she already had and the abstract; that plaintiff replied: "I will perfect it for you for between $6 and $8.　It won't go beyond $8. The abstract shan't cost you beyond $8."　Her title of record proved upon investigation to be imperfect.　Plaintiff testified that, upon ascertaining the defects, he informed her in regard to them, and that she directed him to proceed to perfect the title, if possible.　He went to considerable expense, aside from his services, in procuring patents and deeds, and in recording the same.　After this had been done, she refused the loan and the insurance, and declined to pay him for his expenses and services.　The court instructed the jury that these expenses were reasonable, but left it to them to determine what the contract was, and instructed them that, if they believed plaintiff's version, he was entitled to recover; if they believed defendant's, he was not, except to the extent of $8.　The jury rendered a verdict of no cause of action.

Plaintiff's counsel insists that the court erred in not

instructing the jury, as requested, that if the defendant agreed to furnish the insurance company a perfect title upon blanks approved by it, and the defendant authorized the plaintiff to act for her in procuring the loan, and in pursuance of such authority it was necessary to perfect the title shown by the abstract, the plaintiff was entitled to recover what his services were reasonably worth, as well as the costs incurred in perfecting the title. He also insists that the court erred in not instructing the jury, as requested, that if they found that there was no express agreement between the parties as to the services rendered by the plaintiff in perfecting the title, and that the plaintiff had no express authority, but that she knew that the services were being performed, and she acquiesced therein, she is liable.

A careful examination of the verbal instructions of the court convinces us that the case was properly submitted to the jury, with the exception that the court should have directed a verdict for the plaintiff for $8, in any event. The court stated to the jury the claim of the plaintiff in the following language:

"Mr. Swarthout claims, on his part, that he told Mrs. Lucas at this time that it would be necessary to effect or obtain a perfect abstract of the title to the property, and, if there were any defects in the title, then to go on and perfect the record of title, before the loan could be secured, and she would have to bear the expense, if any there was, attending upon the making of the abstract and perfecting of the title."

Again, the court said:

"Plaintiff claims that, being employed to perfect the title by the defendant, he is entitled to recover what his services were reasonably worth. If he was engaged generally to go on and perfect the title, of course it was his duty to do whatever was essential to it."

After stating what the duties of an attorney were upon

being employed for such a purpose, the court again said:

"Mr. Swarthout claims, upon his part, to have done all these things, and to have finally perfected the title, so that it was approved by the company. He claims to stand upon the arrangement he had with Mrs. Lucas to go on and perfect the title at her expense."

The court then stated the claim of the defendant, and instructed the jury that, if they found her statement to be true, she would not be liable except for the $8.

We think this was a fair and clear statement of the case. There was no room for the jury to find an implied contract. Each claimed an express contract, and the sole question of fact was, which claim was the correct one? This issue has been decided against the plaintiff by the jury.

The defendant, however, admitted a liability to the extent of $8. For this the judgment will be reversed, and a judgment entered in this Court for that amount, with the costs of this Court to the plaintiff.

McGrath, C. J., Long and Hooker, JJ., concurred. Montgomery, J., did not sit.