MILLAR *v.* MACEY CO.

1. CONTRACTS—COMMISSIONS—OFFICE FURNITURE.

In action against manufacturer by its sales representative working within defined territory for commissions on cataloged office furniture, evidence of value of services in furthering sale within his district of noncataloged furniture manufactured by corporation affiliated with employer *held,* inadmissible as explaining terms of a contract, since he was under obligation to promote interests of defendant generally and do what he did do in connection with sale for which commissions were claimed anyway.

2. SAME—EXTRA-CONTRACTUAL RELATIONS.

Furniture manufacturer was under no duty to warn its sales representative who had sold cataloged office furniture on a commission basis for several years and promoted employer's interests within his district generally, that no commission would be allowed on sale of noncataloged.goods.

3. SAME—EXPRESS CONTRACTS—QUANTUM MERUIT.

In retrial of action by salesman for commission on goods included in order which he helped to obtain for defendant, where sole question was one of fact as to terms of express contract as to commissions, reintroduction of most of evidence held incompetent on former trial as supporting recovery by *quantum meruit* eliminated from case because both parties in each trial relied on express contract *held*, reversible error.

4. TRIAL—ARGUMENT OF COUNSEL—CONTRACTS.

Argument as to terms of contract for commissions on sale of office furniture *held*, not reversible error, where court made issue plain to the jury.

5. APPEAL AND ERROR—EVIDENCE—RECORD.

Effect of pamphlet introduced in evidence but not set up in record is not considered where excerpts quoted have no bearing upon the issue.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 9, 1934. (Docket No. 112, Calendar No. 38,052.) Decided December 10, 1934.

Assumpsit by John H. Millar against Macey Company, a Michigan corporation, for commissions as sales representative. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

*Mason, Alexander, McCaslin & Cholette,* for plaintiff.

*Travis, Merrick, Johnson & McCobb,* for defendant.

FEAD, J. This is review of a retrial of the case reported in 263 Mich. 484, in which the facts are stated. Only a brief resume is here required.

Defendant is a manufacturer of office furniture, located in Grand Rapids. Plaintiff had worked for it some years and was its sales representative, with defined territory, which included Detroit. His duties were to promote the interests of defendant generally in the district and to increase its sales, not only by personal solicitation of business but also by visiting the cities in his territory, appointing, instructing and assisting dealers. He worked on commission, computed on all of certain sales in his district, whether made by himself or a dealer or received directly by defendant from customers. Defendant issued a catalog of the furniture it manufactured, including also some goods made by Robert W. Irwin Company, a concern allied to it by common stock ownership and officers. It also took orders for specially designed goods which it had others make for it. Defendant took an order of furniture from the Union Trust Company of Detroit, which included both cataloged and special furniture, the latter afterward made by the Irwin Company from drawings. Plaintiff was paid commission on the former but claims right to commission on the whole order. The sole issue between the parties is one of fact, whether the commission contract covered (a) all office furniture, or (b) only cataloged furniture.

Plaintiff originally declared upon both express contract and the *quantum meruit*. Upon the latter, at the first trial, he gave testimony of the labor he had performed on the Union Trust Company order and its value. This court held that, as both parties

claimed an express contract, *quantum meruit* would not lie, and the testimony was incompetent.

Upon the second trial, everyone recognized that *quantum meruit* was not involved. But plaintiff, on plea of proving the contract by showing how the parties had treated it and by way of implied admission, again, but in a different manner, introduced most of the evidence held incompetent on the former trial respecting the amount and character of the work done by him on the Union Trust Company order and developed the fact that he had originated negotiations for the order and was largely instrumental in defendant getting it. He did this by showing conversations between plaintiff and officers of defendant throughout the course of the negotiations wholly apart from any discussion about commissions. Plaintiff also emphasized that, in such conversations, defendant did not warn plaintiff he would receive no commission for the noncataloged goods.

Under the contract, as claimed by either party, the sole issue was as to the character of the furniture upon the sale of which commissions were to be paid. In either view of the agreement, it was plaintiff's duty to do what he did in connection with the Union Trust Company order. The work he did, therefore, could have no force in proving the character of the contract. Nor can the failure of defendant to warn plaintiff he would not receive commissions on the noncataloged goods be considered an implied admission that he was entitled to commission thereon. Defendant had no duty to call plaintiff's attention to the terms of a contract which had been in force and acted upon for a considerable time. Unless and until plaintiff demanded commission on the noncataloged goods, no inference of con-

cession could arise from defendant's failure to mention the subject.

Plaintiff's evident purpose in presenting the testimony was to convince the jury that he was responsible for the order and ought to be paid for it. In other words, the effect was to seek recovery indirectly on the *quantum meruit* although it had been eliminated from the case. The testimony was reversible error.

Defendant complains of plaintiff's argument to the jury that defendant's version of the contract was unreasonable because defendant had the sole determination of the goods it should catalog. The contract being oral and in dispute, the surrounding circumstances could be shown. Plaintiff's argument was rather close to the line of contending what the contract ought to have been rather than what it was, but the court made the issue plain to the jury and we think the argument was not reversible error in itself. Its principal evil effect was in adding prejudice to the veiled claim of *quantum meruit*.

A pamphlet issued by defendant, called "Macey's Monthly," was received in evidence. It is not set up in the record. Excerpts quoted have no bearing upon the issue. The other points are not likely to arise on new trial and need no discussion.

Reversed, with costs and new trial.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.