CLIFTON v. VILLAGE OF CONSTANTINE.

1. TRIAL—INSTRUCTIONS—PREPONDERANCE OF EVIDENCE.
    In action by contractor against village for balance claimed to
    be due for materials and merchandise furnished and because
    of variations from the contract ordered or accepted and ap-
    proved by defendant, in which defendant filed cross-declaration
    for alleged overpayment, claimed error in instruction that
    plaintiff had to establish his case by a "fair" preponderance
    of the evidence while defendant had duty of establishing its
    case by a preponderance of evidence *held*, without merit upon
    examination of charge as a whole.

2. CONTRACTS—TERMS OF EXPRESS CONTRACT—JURY QUESTION—
    QUANTUM MERUIT.
    Where express contract is entered into, but parties differ as to
    terms thereof, and there is evidence tending to support claim
    of each, it is for jury to determine what terms of contract
    were, and there can be no recovery on *quantum meruit.*

3. SAME—QUANTUM MERUIT—EXPRESS CONTRACT.
    Refusal of court to charge jury that plaintiff could recover on
    *quantum meruit* was proper where the parties had a contract
    and the question of their differences as to its meaning was
    properly submitted to the jury, notwithstanding declaration
    included a *quantum meruit* count.

4. SAME—VERDICTS—GREAT WEIGHT OF EVIDENCE—OVERPAYMENTS.
    Verdict of no cause of action for either plaintiff in claim for
    alleged balance due for materials furnished and because of
    variations from the contract which had been ordered or ac-
    cepted and approved by defendant village, or defendant on its
    claim for alleged overpayment *held*, not against the great
    weight of the evidence.

Appeal from St. Joseph; Jacobs (Theo T.), J.
Submitted April 17, 1940. (Docket No. 77, Calendar
No. 40,966.) Decided September 6, 1940.

Assumpsit by R. F. Clifton, doing business as
Clifton Engineering, against Village of Constan-

Remedy of restitution not available when plaintiff has fully per-
formed, see 2 Restatement, Contracts, § 350.

tine, a municipal corporation, for sums allegedly
due on a contract for the installation of an electrical
distributing system.   Cross-declaration by defend-
ant against plaintiff for overpayments allegedly
made.   Verdict and judgment of no cause for action.
Plaintiff appeals.   Affirmed.

*Robert D. Heitsch* (*Alexander, McCaslin & Cho-
lette,* of counsel), for plaintiff.

*C. L. Stickler* (*D. M. Britton,* of counsel), for de-
fendant.

BUSHNELL, C. J.   Plaintiff entered into a written
contract with defendant village on July 2, 1937, for
the construction and erection of an electrical dis-
tributing system.   The contract provided for altera-
tions and extras but required authorization therefor
to be in writing and signed by a designated repre-
sentative of the village.   Specified items were listed
at a unit and total bid price in the contract.   This
listing concluded with the statement "Estimated to-
tal bid price for items numbers 1 to 14, inclusive,
$38,788.04."

Payments were made from time to time as the
work progressed and, after its completion, plaintiff
claimed that defendant was still indebted to him in
the sum of $7,193.39 for materials and merchandise
furnished and because of variations from the con-
tract which had been ordered or accepted and ap-
proved by the village.   Plaintiff's declaration in-
cludes a *quantum meruit* count.

Defendant denied any indebtedness; insisted that
plaintiff made a flat bid price; admitted the furnish-
ing of extras and the completion of alterations, but
claimed that they were paid for in full; and by cross-
declaration insisted that plaintiff is indebted to it
in the sum of $1,445.01 because of certain overpay-
ments.

Trial was had before a jury and much testimony was taken. The court refused plaintiff's request for an instruction on *quantum meruit,* and declined to submit this count to the jury, who returned a verdict of no cause of action, denying both plaintiff's claim and defendant's cross-claim.

In a motion for new trial, plaintiff asserted that the verdict was contrary to law and against the great weight of the evidence; and that the court erred in charging the jury it could return a verdict of no cause of action in favor of the defendant and in refusing to charge as to *quantum meruit.* The motion for new trial was denied and plaintiff appeals.

In addition to the questions raised below on the motion for new trial, plaintiff urges that the court erred in instructing the jury that he was required to establish his case by a ''fair'' preponderance of the evidence, and in the same paragraph instructed the jury that the duty was upon the defendant to establish its case by a preponderance of the evidence, without repeating the word ''fair.''

An examination of the charge as a whole requires the conclusion that the jury was properly and adequately instructed. The claimed errors are without merit.

The main question in the appeal is whether plaintiff was entitled to go to the jury on the *quantum meruit* count. Both parties tried the case on the theory that there was a contract and the issue was whether the contract provided for unit prices or a lump sum price.

In *Millar* v. *Macey Co.,* 263 Mich. 484, the court said, at page 488:

''The law in this State seems to be well settled that where an express contract is entered into between parties, but they differ as to the terms thereof, and there is evidence tending to support the claim

of each of them, it is for the jury to determine what the terms of the contract were, and there can be no recovery on the *quantum meruit.*"

This case is cited in *Vanderhoef* v. *Parker Brothers Co., Ltd.*, 267 Mich. 672, where the court said:

"There is, however, another rule of law that allows recovery on a *quantum meruit* theory where the plaintiff has performed services under an express agreement which is not enforceable because of the statute of frauds or some other statute that prevents recovery on the terms of the agreement itself."

This is not the situation in the instant case. The parties had a contract and the question of their differences as to its meaning was properly submitted to the jury, and the court did not err in refusing to charge that plaintiff could recover on *quantum meruit.*

The verdict of the jury was not against the great weight of the evidence and there is no reversible error in the charge or in the rulings of the court.

The judgment entered upon the verdict is affirmed, with costs to appellee.

SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.