GEISTERT *v.* SCHEFFLER.

1. PLEADING—INCONSISTENT CAUSES OF ACTION.

Inconsistent causes of action may be pleaded (Court Rule No. 17, § 6 [1933]).

2. CONTRACTS—EXPRESS CONTRACT—QUANTUM MERUIT.

Where a plaintiff relies on breach of an express contract there can be no recovery on *quantum meruit.*

3. SAME—SERVICES—EXPRESS CONTRACT—QUESTION OF FACT AS TO TERMS—COMMON COUNTS—EVIDENCE.

In a suit to recover for services rendered where each party relies upon the existence of an express contract, and the sole question of fact is as to terms, it is not error for the court to refuse to receive testimony as to the value of the plaintiff's service for the purpose of recovering under the common counts.

4. SAME—SERVICES—EXPRESS CONTRACT—STATUTE OF FRAUDS—QUANTUM MERUIT.

Where an express contract for services is entered into that is not void under the statute of frauds, but the parties differ as to the terms thereof, and there is evidence tending to support the claim of each, it is for the jury to determine what the terms of the contract were, and there can be no recovery on *quantum meruit,* although recovery would otherwise be permissible if the express contract had been void under the statute (3 Comp. Laws 1929, § 13417).

REID and NORTH, JJ., dissenting.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted June 7, 1946. (Docket No. 14, Calendar No. 43,393.) Decided December 3, 1946.

Assumpsit by Arthur H. Geistert against Raymond J. Scheffler, doing business as "The Expert Die & Stamping Company," for sums due on contract. Declaration amended to include common counts in assumpsit. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*John M. Dunham* (*Fred P. Geib,* of counsel), for plaintiff.

*Verdier & Verdier* (*Paul E. Cholette,* of counsel), for defendant.

REID, J. (*dissenting*). This is an action in assumpsit. A jury trial in the superior court of Grand Rapids resulted in a verdict for defendant. From the judgment thereon, plaintiff appeals.

The principal question arises over plaintiff's right to allege and prove inconsistent causes of action, in view of his claims as to the facts. The declaration contained a special count setting forth an agreement of employment. An amended declaration, containing the common counts in assumpsit in addition to the special count, was later filed. The court permitted the amendment to the declaration to stand.

Our Court Rule No. 17, § 6 (1933), provides,

"SEC. 6. Inconsistent causes of action or defenses are not objectionable, and when the party is in doubt as to which of two or more statements of fact is true, he may allege them in the alternative."

I have read the opinion of my brother, Mr. Justice BOYLES. I cannot concur in that opinion. The instant case includes with the claim of an express contract, an alternative, inconsistent claim on the part of plaintiff, that there was no express contract. It is almost axiomatic that where a lawful, express

contract covers the amount of the compensation, we must look to the express contract rather than to the *quantum meruit* for the standard for the award of damages.

In the instant case plaintiff while discussing the status of the pleadings, informed the trial judge that he relied on inconsistent causes of action, saying:

"There are common counts in assumpsit in connection with the declaration, and the reason that is put in is for the purpose of permitting recovery even if the jury should think that there wasn't this percentage arrangement, so we have a right in the progress of this case to put in all evidence that bears upon the *quantum meruit* proposition as well as the contract. * * * We have a right to set up an alternative and even inconsistent claims."

Plaintiff also produced testimony in support of each of his two inconsistent claims.

Plaintiff's opening statement of facts to the jury does not appear in the record nor is there anywhere in the record any general oral statement of plaintiff's claim. Defendant did not demand a bill of particulars of plaintiff's claim under the common counts and none was filed. During the taking of testimony, plaintiff asked questions of his witnesses and brought out testimony inconsistent with his claim of express contract as to the amount of compensation and supporting his alternative theory that there was no agreement as to amount of compensation and that *quantum meruit* was the measure of damages. Plaintiff's wife testified:

"*Q.* Whether or not on numerous occasions your husband in your presence talked with Mr. Scheffler about getting things *definitely* in shape to find out where they stood between them? (italics supplied)

"*A.* Well, yes."

Plaintiff testified: .

"Q. You have said I think you had some talk with Mr. Scheffler about getting a contract and getting this thing on a *definite* basis. How many times would you say you talked with Mr. Scheffler about that before you were discharged? (italics supplied)
* * *

"A. The first year or so probably a dozen times, and from then on probably two or three times a year. * * *

"Q. * * * When had you last spoken to Mr. Scheffler about getting a contract before you were dismissed?

"A. During the summer. * * *

"Q. * * * Now can you think of any other occasions when there were conversations between you and Mr. Scheffler with reference to your status in the business?

"A. Well, it happened very often and I just took him for granted that we had a deal, and that was it."

That and other testimony was offered by plaintiff apparently to show that there was no express contract and plaintiff says that he "had made many offers of proofs to sustain a recovery under the common counts should the proofs fail to sustain an express contract," and plaintiff further complains of being limited to recover under an express contract, "when the proofs failed to show a meeting of the minds of the parties upon any express contract."

Defendant claims that while no compensation was agreed on at the first interview between the parties, that question was to be settled later in the form of weekly salary, and that later the salary was accepted from time to time as full payment.

Plaintiff is a resident of Grand Rapids, is 49 years of age, and has been in the investment business most of his life. He has had extensive selling experience, and considerable experience in organization and reorganization work.

Plaintiff claims that about May 24, 1941, he answered, by letter, defendant's display advertisement in a Grand Rapids paper. By appointment an interview with defendant was had in which defendant revealed that he was just entering into the business of manufacturing tools and dies. Plaintiff claims that an oral contract of employment was entered into between plaintiff and defendant as follows: That plaintiff would receive a drawing account of $75 per week, but the same would be charged against his commissions; that said commissions would be figured at the rate of five per cent. upon all business received by the company, plaintiff to pay his own necessary traveling expenses and any commissions or salaries to subsalesmen; and that the defendant said that after said business had been thoroughly established he would give plaintiff a one-fourth interest therein. Within a few days plaintiff went to work and remained under defendant in the above employment until his discharge about September 30, 1944, a period of approximately three and one-third years.

Plaintiff claims that his first meeting with defendant occurred in the Kortz shop, which defendant had leased. At that time defendant was employed at the Metalcraft Company's plant and put in his evenings in getting the project in question started. Plaintiff further claims that witness Elroy Anders, later secretary and treasurer in defendant's business, was also employed at the Metalcraft; that both defendant and Anders remained at the Metalcraft for several weeks, leaving there about June 23, 1941; that defendant and Anders from time to time while employed at Metalcraft endeavored to get orders, and that the agreement was that during the day plaintiff was to be "the front" of the new concern while the others continued to work at the

Metalcraft, and that plaintiff was also expected to call upon his numerous acquaintances in western Michigan for orders for new business.

Plaintiff claims that pursuant to the agreement he performed services as salesman and assistant in the management and that the business of defendant grew from a mere prospect until it became very successful, doing a total business of $5,000,000 while plaintiff's services continued, and that he should have a verdict for all sums unpaid under his claim as to the oral contract of employment. Plaintiff's further claim is that if the jury should fail to find the agreement on the basis of five per cent. commission and interest in the business as above set forth, still plaintiff, relying on statements of defendant indicating that plaintiff's compensation would be greater than the weekly payments actually paid, rendered services as an employee of defendant of the general nature above indicated, and that plaintiff should be entitled to recover under the *quantum meruit* therefor.

Plaintiff asserts that his claim is in part supported by the testimony of defendant as follows: "I am very optimistic about our success and if you can fit into our picture here at some future date we will be glad to fit you in and let you become a prominent part of the organization." And plaintiff claims that he said to defendant: "I will gamble with you." Plaintiff further claims that defendant made statements indicating that plaintiff was the same as a partner, and ascribing to plaintiff great efficiency in salesmanship and assistance in management far beyond that ordinarily rendered by a mere employee, and that he was one of the members of the organization.

Defendant claims that the contract of employment was of a different purport than that claimed by

plaintiff: that at the meeting in question plaintiff explained his past experience as a stock and bond salesman; that defendant said he didn't see how he could use the plaintiff; that plaintiff stated that he was in greatly reduced circumstances; that defendant then said that plaintiff could not sell the organization to anyone because he did not talk shop parlance, but if the plaintiff wished to stay he would be compensated for any work he did and also compensated for the use of his car and later, when he got a little experience, defendant would put him on the payroll; that plaintiff accepted the proposition and was paid for the work he did; that four months later, plaintiff was placed on a regular salary basis at the rate of $20 per week, which weekly amount was increased from time to time until in March, 1944, he was raised to $75 a week, and that salary continued until his discharge, September 30, 1944.

Defendant claims that in a case where the parties admit that there was a contract covering the employment but differ as to the terms, it is for the jury to determine what the terms were and that in such case there can be no recovery on *quantum meruit,* citing *Millar* v. *Macey Co.,* 263 Mich. 484 and *Clifton* v. *Village of Constantine,* 294 Mich. 304. In the instant case there were conversations between the parties following the original agreement, and the testimony in that regard could support a theory that the amount of compensation, after all, was not precisely agreed upon but the employment was being continued, in which respect the claims of plaintiff in this case differ from the status of the claims of plaintiff in *Millar* v. *Macey Co., supra,* and of the plaintiff in *Clifton* v. *Village of Constantine, supra.*

The contract of employment was valid though not in writing, and the parties could afterwards alter it verbally. The testimony sets forth several con-

versations on the subject of compensation which could be considered as varying the terms of the original agreement.

. There was testimony that defendant in conversations subsequent to the original conversation undertook to see to it that plaintiff would never be in want and said that plaintiff was well set for the rest of his life. It could be considered from the testimony in this case that the weekly payments to plaintiff would not fulfill that undertaking, that plaintiff did not accept the payments as payment in full, and that plaintiff and defendant each had in mind that plaintiff should receive more than the weekly wages or drawing account.

There was testimony that defendant on several occasions expressed high appreciation for plaintiff's services and said that defendant could not have succeeded without him. A notice to all employees was caused by defendant to be posted in all his plants sometime between May, 1943 and June, 1944, containing the following:

"I am leaving shortly for an extended business trip, and during my absence Mr. Arthur Geistert will take over management of administrative affairs.

"Any urgent production or administrative problems are to be referred to him for decision. He is to receive production and shipping reports daily, and is to be kept posted on the progress of all jobs now in work in our plants.

"His knowledge and experience along these lines will prevent any holdups during my absence."

It was testified that after November, 1941, the parties had several interviews for the purpose of getting Geistert's status as to compensation on a more definite basis and in writing; that defendant told plaintiff not to worry, that he was well taken

care of, was well set, had a job for the rest of his life and was mentioned in defendant's will, but that he should wait until the business made some money, defendant being then in trouble for finances.

Notwithstanding the finding that plaintiff's claim was incorrect as to commissions and interest in the business, it could have been found from the testimony that plaintiff relied on receiving greater compensation than the weekly payments or drawing account, and that defendant purposely used words causing plaintiff so to rely, and that plaintiff in consequence rendered services of great value to defendant for which plaintiff has not been paid.

Attorneys for plaintiff seasonably informed the court of their claim of an implied contract inconsistent with the special count and in support of the *quantum meruit*. The court refused to admit the testimony offered by plaintiff in that regard and charged the jury that no recovery could be had on the *quantum meruit*. In this the court was in error. Plaintiff was entitled to go to the jury on both the special count and the alternative claim under the common counts of *quantum meruit,* so that the jury would find which claim if either was substantiated by the testimony.

In its legal aspect the instant case falls squarely within our recent decision in *Fraser* v. *Collier Construction Co.,* 305 Mich. 1. In that case the appellant asserted (p. 5) that the trial judge committed "error in denying defendant's motion to require plaintiffs to elect whether they relied on express or implied contract." After reviewing the facts there involved and citing numerous authorities we held (p. 30): "Under the circumstances of this case, the court was not in error in denying defendant's motion that plaintiffs be required to elect as to

whether plaintiffs relied upon an express or an implied contract;'' and we affirmed judgment for the plaintiffs.

While in the instant case it is true that plaintiff in effect relies upon one of two alleged express contracts, it is important to note that in the alternative or secondary contract upon which plaintiff relies there was included in the contract itself an element of *quantum meruit*. There is testimony from which it may fairly be inferred that defendant agreed with plaintiff as a part of his employment contract that the latter should ultimately be paid something in addition to the amount paid him weekly, but how. much this additional amount should be was never agreed upon between the parties and plaintiff makes no claim that that amount was agreed upon. Thus in the secondary agreement upon which plaintiff relies there was the element of *quantum meruit*. Not only is there testimony in the record tending to sustain plaintiff's claim in this particular, but other testimony bearing upon *quantum meruit* and offered by plaintiff was excluded. The trial court wholly withdrew from the jury the *quantum meruit* phase of this controversy. This was error since the element of *quantum meruit* was a part of plaintiff's claimed secondary contract.

An examination of the numerous cases cited in Justice BOYLES' opinion will disclose that there was not embodied in them the *quantum meruit* element of the contractual relation above noted. Instead, as noted in my Brother's quotation from *Millar* v. *Macey Co.*, 269 Mich. 265: ''Everyone recognized that *quantum meruit* was not involved.'' Admittedly in that type of case it would be error to receive testimony as to *quantum meruit*, but cases of that type are not pertinent to decision in the instant case.

The trial court admitted in evidence testimony to the effect that at a conference in the office of defendant's attorneys, plaintiff made statements inconsistent with his claim, and plaintiff complains of that ruling on the ground that whatever statements were actually made on that occasion were made for the purpose of compromise and settlement. As recited by defendant and his attorney as witnesses, the statements were statements of fact and not merely tendered concessions. Statements of fact were admissible. *Sanderson* v. *Barkman,* 272 Mich. 179, 183.

Numerous other errors are claimed by plaintiff which do not require consideration in view of our decision on the *quantum meruit.*

We should reverse the judgment appealed from. The case should be remanded with instructions that the verdict and judgment thereon be set aside, and a new trial granted. Costs to plaintiff.

NORTH, J., concurred with REID, J.

BOYLES, J. I agree that inconsistent causes of action may be pleaded, but this case goes farther. The trial court ruled that the plaintiff could not recover on *quantum meruit* where his case was based on a claim for damages for breach of an express oral contract. The ruling was correct and the judgment of no cause of action should be affirmed. Where the plaintiff relies on breach of an express contract there can be no recovery on *quantum meruit.*

There can be no question but that the plaintiff relied on an express oral contract, and that the defendant admitted there was an oral contract for employment. The dispute was as to its terms. Plaintiff's original declaration was in a single count claiming damages for alleged breach of an oral contract of employment, to pay plaintiff a 5 per cent. commis-

sion on all business received by the defendant, and to give plaintiff a one-fourth interest in the business. Later, by leave, of court, plaintiff added an amendment to the declaration consisting of the common counts in assumpsit. The defendant admitted that an oral contract of employment was entered into, but differed with the plaintiff as to the terms thereof. Throughout the jury trial the plaintiff consistently relied on the contract, although seeking to recover for the value of his services; and the defendant disagreed with plaintiff as to its terms. The court refused to receive testimony as to the value of the plaintiff's services and submitted to the jury the divergent claims of the parties as to what the agreement was. In charging the jury, the court said:

"This is a civil case, a case in which one party is seeking to recover damages from another, damages which he alleges he has sustained. In this case, damages growing out of an alleged breach of an oral expressed contract.   *   *   *   If from the testimony in the case you are satisfied by a preponderance thereof that such contract was entered into (as testified to by the plaintiff) and that plaintiff has so performed, he would be entitled to recover. It does not make any difference how little or how much or how hard or when he worked so far as his recovery is concerned. The question is, what was the contract?   *   *   *   The question therefore is, from the evidence in this case, on which claimed contract did the minds of the parties meet? Did they meet on the claimed contract of the plaintiff or did they meet on the claimed contract of the defendant? And that is the issue, ladies and gentlemen of the jury, that you have to determine from the evidence in this case. What is the fact? On what contract did the minds of the parties meet? Was it the contract that Mr. Geistert claims was entered into, or was it the contract that Mr. Scheffler claims the parties entered into."

The trial court's refusal to allow the plaintiff to show the value of his services for the purpose of recovering under the common counts was proper, and the case was properly submitted to the jury on the theory that recovery of damages could be had only for breach of the claimed oral contract.

"Where, in a suit to recover for services rendered and expenses incurred in negotiating a loan and perfecting the applicant's title, each party relies upon the existence of an express contract, and the sole question of fact is as to its terms, it is not error for the court to refuse to submit to the jury the question of plaintiff's rights under an implied contract." *Swarthout* v. *Lucas* (syllabus), 101 Mich. 609.

"Both parties testifying to an express agreement as to compensation for a portion of the services rendered, and disagreeing as to its terms, it was error to permit the jury under a declaration for breach of an express contract to render a verdict on the theory of an implied contract to pay what such services were worth." *Ruttle* v. *Foss* (syllabus), 161 Mich. 132.

"The law in this State seems to be well settled that where an express contract is entered into between parties, but they differ as to the terms thereof, and there is evidence tending to support the claim of each of them, it is for the jury to determine what the terms of the contract were, and there can be no recovery on the *quantum meruit.*

"In *Swarthout* v. *Lucas,* 101 Mich. 609, 612, it was said:

" 'There was no room for the jury to find an implied contract. Each claimed an express contract, and the sole question of fact was, which claim was the correct one?'

"See, also, *Schurr* v. *Savigny,* 85 Mich. 144; *Shaw* v. *Armstrong,* 88 Mich. 311; *Ruttle* v. *Foss,* 161 Mich. 132." *Millar* v. *Macey Co.,* 263 Mich. 484, 488, 489.

*Millar* v. *Macey Co., supra,* was remanded for a new trial on the ground that the trial court had erroneously submitted to the jury the question as to the value of the plaintiff's services. On retrial by jury the plaintiff again had verdict and judgment, which was again reversed (*Millar* v. *Macey Co.,* 269 Mich. 265), where the Court said (pp. 268, 269):

"Upon the second trial, everyone recognized that *quantum meruit* was not involved. But plaintiff, on plea of proving the contract by showing how the parties had treated it and by way of implied admission, again, but in a different manner, introduced most of the evidence held incompetent on the former trial respecting the amount and character of the work done by him on the Union Trust Company order and developed the fact that he had originated negotiations for the order and was largely instrumental in defendant getting it. He did this by showing conversations between plaintiff and officers of defendant throughout the course of the negotiations wholly apart from any discussion about commissions. * * *

"Plaintiff's evident purpose in presenting the testimony was to convince the jury that he was responsible for the order and ought to be paid for it. In other words, the effect was to seek recovery indirectly on the *quantum meruit* although it had been eliminated from the case. The testimony was reversible error."

In *Clifton* v. *Village of Constantine,* 294 Mich. 304, this Court held (syllabi):

"Where express contract is entered into, but parties differ as to terms thereof, and there is evidence tending to support claim of each, it is for jury to determine what terms of contract were, and there can be no recovery on *quantum meruit.*

"Refusal of court to charge jury that plaintiff could recover on *quantum meruit* was proper where

the parties had a contract and the question of their differences as to its meaning was properly submitted to the jury, notwithstanding declaration included a *quantum meruit* count."

See, also, *Schurr* v. *Savigny,* 85 Mich. 144; *Shaw* v. *Armstrong,* 88 Mich. 311; *Fuchs* v. *Standard Thermometer Co.,* 178 Mich. 37.

In the case before us plaintiff claims and the defendant admits that there was a valid oral contract, and no claim is made by either party that the contract was void under the statute of frauds.* Hence, recovery cannot be had on a *quantum meruit* although recovery would otherwise be permissible if the express contract had been void under the statute. This Court has said:

"There is, however, another rule of law that allows recovery on a *quantum meruit* theory where the plaintiff has performed services under an express agreement which is not enforceable because of the statute of frauds or some other statute that prevents recovery on the terms of the agreement itself. *Smith* v. *Chase & Baker Piano Manfg. Co.,* 185 Mich. 313. We held in *Moore* v. *Capewell Horse Nail Co., supra* (76 Mich. 606), that there was no objection to permitting proof of the contract for the purpose of showing the value placed upon plaintiff's services by the parties. See, also, *Cadman* v. *Markle,* 76 Mich. 448 (5 L. R. A. 707). A contract, though void under the statute, may be admissible if helpful in estimating damages. *Kutzner* v. *Stuart,* 215 Mich. 270.

"A consideration of these two rules leads us to the conclusion that when the terms of an express contract, unenforceable because of the statute of frauds, are in dispute, a recovery can be had under the common counts on the theory and under the con-

* See 3 Comp. Laws 1929, § 13417 (Stat. Ann. § 26.922).—REPORTER.

dition that the jury first determine: (1) that the contract alleged by plaintiff actually was made; and (2) that the terms were such as are alleged, and (3) that the contract has been fully executed by one party and the other has received the benefits. *Winchester* v. *Brown*, 264 Mich. 421." *Vanderhoef* v. *Parker Brothers Company, Ltd.*, 267 Mich. 672, 680, 681.

Obviously the situation in the instant case does not come within the exception thus announced. Here there is no claim that the oral contract is void. The trial court properly submitted to the jury the question of fact as to whether the plaintiff's version of the oral contract in dispute was supported by a preponderance of the evidence. There could have been no recovery on *quantum meruit*.

The conclusion above reached, and the verdict of the jury on the issues of fact, bars plaintiff from recovery. Other questions urged for reversal, mainly on admissibility of testimony, do not affect the result. The judgment as entered on the verdict is affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, and SHARPE, JJ., concurred with BOYLES, J. STARR, J., did not sit.